Parsons, C. J.,
said the rule in equity was, that an assignment of a chose in action, not negotiable, imposes no duty on the debtor to the assignee until notice of such assignment is given him.
The question whether a person summoned as trustee of an absconding debtor shall be held or not, is always decided by the facts disclosed in the trustee’s answer. This appears expressly to be the contemplation of the framers of the statute, and collateral evidence has never been admitted. (a)

By the Court.

Palmer must be adjudged the defendant’s trustee, as the horses he had contracted to deliver him at a then future day come within the description of specific articles considered in the statute as credits liable to attachment in the hands of a trustee.

 United States vs. Langton & Trustees, 5 Mason, 280.— Haines & Al. vs. Langton & Al. 8 Pick. 67.— Barker vs. Taber & Trustee, 4 Mass. Rep. 81.— Stackpole vs. Newman, 4 Mass. Rep. 85.—Hatch vs. Smith, 5 Mass. Rep. 49.— Minchin vs. Moore, 11 Mass. Rep. 90.— Whitman vs. Hunt, 4 Mass. Rep. 272.—Vide Stat. 1817, c. 149, § 1.