The opinion of the Court was afterwards delivered by
Parsons, C. J.
[After a brief statement of the answers given to the interrogatories put by the plaintiff.] The statute, on which this process is founded, confines the Court, in giving judgment, to the answers of the trustee on oath, and it has been frequently determined that no other evidence can be admitted. We have, therefore, to consider whether the contents of the exhibit, the supposed letter from Hill to Newman, are to stand as facts disclosed by the answer of the trustee.
It appears from the answer, that the trustee - claims to hold the proceeds of the molasses for the use of Echará, who is not a party to this suit; and the plaintiff claims to recover them as the property of the defendants. The judgment in this cause will not be any bar to an action by Echard against Munson. The facts, therefore, disclosed by Munson must be of that nature that he can defend himself against Echard by giving them in evidence. Now, Munson does not know the letter to be genuine, or that the contents are true, or that the letter might not have been recently written by Hill, to defeat his assignment to Echard. All these facts must be the subject of inquiry in another suit, and may be found against Munson, who swears that he knows nothing about them.
It is, therefore, our opinion that the exhibiting of a letter of one not a party to the suit, nor claiming the property, and authenticating its signature, without authenticating the contents of the letter, is not enough to introduce the contents of such letter as facts disclosed by ' the trustee; because Hill might have written the letter, and the contents may be wholly untrue ; and we cannot presume them to be true, against the claims of third persons.
[ * 88 ] * Hill's letter, therefore, can have no other effect in this cause, than it would have had, if the signature had been *83 proved by any other person, as a witness in the cause. And laying out of the case the contents of that letter, it is clear that Munson has discharged himself by his answers. If we were to give a different opinion, we should charge him on the presumption of the truth of the contents of Hill’s letter, and not on the answers of the trustee.
Let Munson be discharged, (a)

 [United States vs Langton, 5 Mason, 280. — Hawes vs. Langton, 8 Pick. 67. Howell vs. Freeman, 3 Mass. 121. — Comstock vs. Farnum, 2 Mass. 96, and note. Minchin vs. Moore, 11 Mass. 90. — Barker vs. Taber, ante, 81. — Lock vs. Tibbets, 7 Mass. 149. — But see Revised Statutes, c. 109, § 15, 16, 17. — Ed.]