The question was submitted without argument, and the action being continued nisi for advisement from the last October term at Plymouth, the opinion of the Court was delivered at this term by
Parsons, C. J.
After the examination of the supposed trustee on oath, the plaintiff moves that he may be adjudged the trustee of Hunt.
It is evident that the trustee, on his examination in the Common Pleas, answered to some of the questions imperfectly, and * to others evasively ; and were we to give judg- [ * 273 ] ment on that examination, the trustee must be charged, because he has not discharged himself on oath. Since the cause has been removed here by appeal, the trustee has submitted to a further examination on oath, on which, if he is to be believed, he has unequivocally discharged himself, (a)
There are certainly circumstances disclosed by him, which lead to a presumption of covin between him and Hunt, his principal; but in this process we are obliged to consider all the answers of the trustee as true ; and his last answers, if true, remove that presumption.
He must therefore "be discharged; and if he has answered falsely, the plaintiff may have his remedy, on a special action of the case, agreeably to the ninth section of the statute of 1794, c. 65, which gives this process.
Let Fish, the trustee, be discharged. (b)

а) [Cleveland vs. Clapp & Al., 5 Mass. Rep. 201.— Shaw vs. Bunker, 2 Metc 376. — Hawes vs Langton, 8 Pick. 167. — Harris vs. Aiken and. Trustee, 3 Pick. 1. — Willard vs. Sturtevant and Trustee, 7 Pick. 94. — And see Sebor vs. Armstrong and Trustee, ante, 206. — Ed.]

 [Hatch vs. Smith and Trustees, 5 Mass. Rep. 49. —Forsyth vs. Shaw, 10 Mass. Rep. 253.— Chase vs. Bradley, 5 Shepley, 89. — Hawes vs. Langton, 8 Pick. 67.— Rev. Stat. c. 109, § 15, 16, 17, 18,19, 20. — Comstock vs. Farnum, 2 Mass. Rep. 96. — Stackpole vs. Newman and Trustee, ante, 85 — Minchin vs. Moore, 11 Mass. Rep. 90 — Ed.]