## Edward Minchin and Another *versus* Abel Moore and Another, and Trustees.

A and others, summoned as the trustees of B, in a foreign attachment, disclosed that they, as assignees of C, an insolvent debtor of B, held moneys at the time they were summoned, part of which was to be paid to B, who filed his affidavit, stating that he had endorsed to a *bonâ fide* creditor C's promissory note, which he held as evidence of his demand, and on which a former dividend received of A and others had been endorsed, no other receipt having been given. The Court said they could take no notice of the affidavit, and adjudged A and others trustees.

A. P. Cleveland and four others, who were summoned as trustees of the principal defendants, made their disclosure, in [ * 91 ] answer to the usual interrogatory, to the * following effect, *viz.:* That, in June, 1811, the defendants, with divers other creditors of *Hull & Hyde,* entered into an agreement, under their respective seals, to which the said *Hull & Hyde* were parties, and thereby empowered the said *Cleveland* and others, as their agents, to receive from the said *H. & H.* such sums of money as they should, from time to time, realize from their property, and to account for, and pay over, the same to the said creditors, in proportion to the amount due to each; the said *H. & H.* agreeing, on their parts, to pay over the effects to the said agents, and that they would not pay any sum to either of the said creditors, to lessen the amount of his claim, but through the intervention of the said agents; that the said *Cleveland* and others made themselves parties to the said agreement, took upon themselves the said trust, received certain property in virtue thereof, which they had distributed among the said creditors as aforesaid; and that afterwards, and before the service of process upon them in this action, they received certain other property from said *H. & H.;* and upon the distribution of the same, agreeably to the terms of said agreement, the sum of 598 dollars 21 cents was found to be the share to be allotted to the defendants; which property was in the hands of the said *Cleveland* and others previous to the said service, and still remained in their hands at the time of the disclosure.

There came up, also, in the case the affidavit of *N. Somes,* one of the principal defendants, testifying that the said firm were indebted for money loaned to them by *N. Somes,* Senior, in a greater sum than was due to them from *Hull & Hyde;* and to secure him from loss, after the said agreement with *Hull & Hyde,* they endorsed to him the negotiable promissory notes, which they held as the evidence of the debt of *Hull & Hyde;* that the payment made by the said *Cleveland* and others, as agents, was endorsed on one of the

said notes, for which the said *Moore & Somes* gave no other receipts that the said *N. Somes*, Senior, has deceased, and no administration has been taken upon his estate.

* *Per Curiam.* The persons summoned as trustees in [ * **92** ] this action, acknowledging themselves the assignees of
*Hull & Hyde*, say that they engaged to collect and pay over their effects to their creditors *pro ratâ*, who, on their parts, engaged to receive no payment but through the hands of the said agents. The defendants were parties to that agreement, and have already received a dividend of the said effects; and the said agents have another dividend ready to pay over. On these facts no question could arise. They must be adjudged trustees. But one of the defendants filed his affidavit in the case in the court below, stating that their claim upon *Hull & Hyde* consisted in negotiable securities, which they have assigned over to one of their creditors for a *bonâ fide* debt since the said compromise. But we cannot take any notice of this affidavit. (*a*) The trustees have disclosed nothing respecting such assignment; and, indeed, after the agreement between the defendants and their debtors, *H. & H.*, the notes had ceased to be negotiable. The trustees must stand chargeable upon this process for the sum they acknowledged to have been in their hands; saving out of it the allowance they claim in their disclosure for their trouble and expense in this suit. (*a*)

(*a*) *Hawes* vs. *Langton & Tr.* 8 *Pick.* 67.— *Comstock* vs. *Farnam*, 2 *Mass. Rep.* 96. — *Barker* vs. *Taber*, 4 *Mass. Rep.* 81 — *Stackpole* vs. *Newman*, 4 *Mass. Rep.* 85 *Hatch* vs. *Smith*, 5 *Mass. Rep.* 49. — *Whitman* vs. *Hunt*, 4 *Mass. Rep.* 272.