RUNDLET *vs.* JORDAN & TRUSTEES.

In a foreign attachment against several trustees, the disclosures cannot be taken in aid or explanation of each other ; but each trustee is to be held liable or discharged on his own disclosure only.

A note deposited in another's hands, and not collected, is not the subject of a foreign attachment, even though a judgment has been recovered on it in the name of the trustee.

Only goods deposited, or a debt due and not contingent, can be the subjects of this statutory process,

The question in this case was—whether *J. & E. Hoole* were liable as the trustees of *Morrell Jordan* ?

It appeared from their disclosure, that *Morrell Jordan*, being indebted to them in the sum of $230, indorsed and delivered to them a negotiable promissory note against his son *Isaiah Jordan* for $640, taking their receipt for the same, in which they promised to account for the proceeds of the note when collected, and to pay him the balance, after deducting their debt ;—that they commenced a suit upon the note thus assigned, and attached all *Isaiah Jordan's* interest in the farm he occupied, one half of which he had previously conveyed to a stranger, and the other half was mortgaged to another creditor ;—that after recovering judgment and taking out execution, they wrote to *Morrell Jordan* informing him that they should not extend the execution on real estate, nor accept it in payment of their debt, and requesting him to pay or secure the debt due to them, and take an assignment of the judgment and execution for his own benefit ;—that this not being done, they caused the execution to be levied on the debtor's right in equity of redeeming the lands attached, which produced only the sum of sixteen dollars and fifty three cents in part satisfaction of the execution ;—that they afterwards seized certain goods supposed to be the property of *Isaiah*, but being satisfied they were not his they released them ;—that they had never arrested the debtor ;—and that except the small sum collected by sale of the right in equity, their debt still remained wholly unpaid.

*Isaiah Jordan*, and another son of the debtor, were also summoned as trustees, but had not disclosed.

*Daveis*, for the plaintiff, contended that this judgment was a trusteeable interest or property,—a chattel, effect, or credit,—within the principle of *N. Eng. Mar. Insurance Co. v. Chandler & trustee* 16 *Mass.* 275 ;—and that the trustees were liable for its value. This value is the nominal amount of the judgment, until it is regularly shewn to be less, by commitment of the debtor, and his discharge as an insolvent. And this course was indicated as peculiarly proper, by the circumstances of the present case, the conveyance being of a valuable farm, from an insolvent father to his son, accompanied with strong badges of legal fraud. The trustees having neglected to adopt this method, have left the judgment to be treated as worth its nominal amount, and in some respects, so far as regards other creditors, identified themselves with the *Jordans*.

But if the conveyance to the son was *bona fide*, yet the trustees have been guilty of laches in not using legal means to enforce collection of the execution, and thus have rendered themselves liable to *Morrell Jordan* for its amount:

If the whole facts are not yet fully developed, the decision of this question ought to be suspended till the other trustees have disclosed the nature of the trust between them and their father. *Russell v. Lewis* 15 *Mass.* 127. We are only confined to the answers of the trustees when they are perfectly sufficient for their discharge. By statute, when an assignment is disclosed, the supposed assignee may be summoned at any time. Under an *equitable* construction of this provision, or rather a liberal application of *its principle*, the disclosures of other trustees may be looked into, to ascertain facts imperfectly exhibited, in a particular disclosure. This may be for the benefit of such *particular trustees*, to enable them to make their answer sufficiently complete for their own discharge. The whole circumstances are so interwoven, that they cannot be considered separately without rendering it impossible to reach the property at all.

*W. Storer*, for the trustees, replied that the judgment was but a *chose in action*, or evidence of a debt due ; and therefore was not " goods, effects, or credits" in their hands liable to the process of foreign attachment, within the meaning of the statute. *Perry v. Coates & trustee* 9 *Mass.* 537.

And if it were otherwise, yet they could not be liable to the principal debtor, and consequently not liable to his creditors, until after demand on them for the surplus, beyond the amount of their own debt, which, by the contract, they were entitled to retain. But here has been no demand. *Stevens v. Bell* 6 *Mass.* 339. *Maine F. & M. Insurance Co. v. Weeks & trustee* 7 *Mass.* 438.

Nor ought they, even after demand, to be liable for any more than the surplus *actually* received. Yet the case shews that after using the utmost diligence, they have not been able even to pay themselves.

The case cited from 16 *Mass.* 275, is a case of *corporate stock,* liable by statute to be attached, or seized and sold on execution; and so is not applicable to the present case.

MELLEN C. J. after stating the facts in the case, delivered the opinion of the Court as follows.

The question as to the liability of the *Messrs. Hooles* must be answered by examination of the facts stated in their disclosure, and those only ;—and those facts must be taken to be true. If any fraud exists between the principal and the two other trustees who have not yet disclosed, that fact, should it appear, can only affect those who may be implicated in it ; but not the *Hooles.* Delay, therefore, is not necessary with respect to a decision on the disclosure before us.

It is urged that the judgment against *Israel Jordan* is a *credit,* and attachable under this process ; but it is no more a credit than the note was before judgment,—and it could not be, till collected according to the agreement of the parties. The note was only evidence of a debt ; and the judgment, while unsatisfied, is nothing more. The case of the *New England Insurance Company v. Chandler & trustee* differs widely from this. There, certain personal, attachable property was *pledged* to the trustee, to secure a debt ; and he was surely a trustee for the surplus, after his debt was paid. Here was no *property* deposited, pledged, or received ; but only the *evidence* of a debt due to the principal ;— and a mere trifle only has been collected ;—not a tenth part of the sum due them.

There is nothing on the face of the disclosure indicative of fraud, or concealment of the property of the principal, to defraud his creditors ; and we cannot presume it. On these facts, the principal could not maintain any action for the amount of the judgment, founded on the agreement which the *Hooles* made with him, for the surplus of the judgment has not been demanded by the principal ; *Maine Fire & Marine Ins. Co. v. Weeks* 7 *Mass.* 438,—and of course his creditor cannot, on such facts, charge them as his trustees. But it is said that the *Hooles* have not used due diligence to collect the amount of the judgment, and by reason of this misconduct have made themselves liable to the principal. There seems no proof of this negligence ; and even if they were liable to the principal in a special action on the case for such negligence or fraud, this *mere liability* is not a *credit* within the meaning of the statute ;—no *debt* can exist till damages are ascertained by judgment in such action. A man may be liable to an action for slander, assault and battery, or any other *tort*, in which heavy damages would be given ; but such a *liability* would not render him a trustee ;—only goods deposited, or a debt due and not contingent, can be the subjects of this statutory process. We perceive no grounds therefore on which *these* trustees can be held liable, and accordingly they are discharged. See 2 *Mass.* 96. 4 *Mass.* 85. 11 *Mass.* 90. 4 *Mass.* 272. 5 *Mass.* 49. 9 *Mass.* 537. 6 *Mass.* 339.