The opinion of the Court was afterwards drawn up by
Parker C. J.
We think enough appears by the answer of Kingsbury, to show that the whole of the money in his hands, as due on his bond, is not the property of T. Sturtevant. The bond is made to T. Sturtevant, and he had a right to demand payment of it and to sue it; but still, as it appears that in *202 taking the bond he acted as the trustee of others, it being giv in for the consideration of the purchase of an estate, the life interest in which was in his mother and the reversionary interest in his brothers and sisters and their children, the money secured by the bond ought in equity to be distributed among the devisees of the estate in the same proportions in which they held the estate. It is true, had T. Sturtevant become their debtor, and taken to himself this bond, the debt would be due to him in his own right, and might be attached by his creditors. And it appears from the tenor of the bond itself, that it was not claimed to be his property. The sum mentioned in the condition was to be paid in one year after his mother’s decease, the interest to be paid to her during her lifetime; and Kingsbury declares that the bond was lodged in the hands of Joshua Seaver, and that he was informed at the time the bond was given, that the money it secured was due as above stated, T. Sturtevant claiming only a part of it. The bond still remains in the hands of Seaver, T. Sturtevant not having claimed it as his own. The letter of T. Sturtevant is properly made a part of the answer, and he therein states the amount of his interest, for which he had drawn on Kingsbury. The trustee verifies the contents of the letter; which differs the case from Stackpole v. Newman, 4 Mass. R. 85.[1]
If it were not competent to the person summoned in a process of foreign attachment, to disclose any thing but what is within his own personal knowledge, the interests and rights of cestui que trusts would be in great jeopardy ; for their property would go to pay the debts of the trustee, and he might be wholly unable to respond. This should be placed on the same ground as assignments disclosed by the respondent in a trustee process, who may annex the instrument of assignment to his answers. From what appears in the condition of the bond, together with the fact of the bond’s being lodged in the hands of a third person, and the statement of T. Sturtevant verified by the respondent, we think that the respondent can be held only for the share of T. Sturtevant in the amount due on the bond.

 See Revised Stat. c. 109, §15; Hawes v. Langton, 8 Pick. 67; Kelly v. Bowman, 12 Pick. 386.