Parker C. J.
delivered the opinion of the Court. We think it very clear, that the person summoned is not obliged to disclose any facts, which may be communicated to him by others, of which he has no personal knowledge ; and that the Court cannot, on the question whether he shall be discharged or not, take into consideration any evidence, which is not verified,by the oath of the trustee, and so made part of his answer. This point was settled in Comstock v. Farnum, 2 Mass. R. 96, the earliest case reported after the enactment of our trustee law; and we think the principle has been strictly adhered to in every case which has since arisen upon that law, as will be seen by all the cases cited in the argument. We do not think the principle trenched upon by those cases, in which the trustee has annexed assignments to his answer, and made them part of his disclosure ; for, in such case, they are incorporated with his answer, and become part of his disclosure.
It is supposed that those cases, in which it has been intimat ed by the Court that a third party ought to be summoned as trustee, prove, that the Court will adjudge the person summoned, to be a trustee, upon facts collaterally shown by the disclosures of other persons. This intimation, though several times made, does not appear to have been carried into practice ; and we do not think the position contended for necessarily follows. In the case of Fisk v. Herrick, the persons summoned as trustees owed nothing to Herrick alone, but were indebted to Herrick & Smith as partners. The Court determined, that they could not be charged as trustees of Herrick alone, for he miglr be indebted to the firm, and so have no equitable interest in the debt; but stated that one of the partners should be summoned as trustee, in order to ascertain the state of the concern, and if it should appear on his examination, that the principal has an interest in the partnership effects after all their debts are paid, that interest may be considered .as effects or credits of the principal, and may be secured by the attachment. In what mode this is to be done, is not stated ; nor has any case occurred in which this principle has been tested. It may be observed, however, that if the debtor to the partnership should- *73 on such auxiliary disclosure, be charged, it would be altogether on his own answers ; for he has acknowledged himself a debtor to the firm, and prima facie, the principal has an interest in that debt, and it is only to protect his partners, that the Court refuse to charge the trustee without knowledge of the state of the partnership funds. The liability of the trustee is, in such case, derived altogether from his own indebtedness, as admitted by himself; so that this principle will by no means justify the introduction of evidence to contradict the disclosure of the trustee, which is the object of the motion before us. The case of Penniman v. Ruggles, and Jutau, Trustee, does not even advance this principle. Jutau had received goods as auctioneer from an officer, who had attached them as belonging to the principal, the attachment being supposed to be dissolved by an agreement entered into between the attaching creditor, the debtor and the officer. It was determined that the auctioneer was accountable only to the officer, and that the officer was the proper person to be summoned as trustee. It is not stated, that upon the disclosure of the officer, Jutau might be charged ; but if it was so intended, we presume it would only be in the way suggested in the case, that is, that the answers of Jutau should have been sufficient to charge him, either originally, or by such further disclosures as he might be enabled to make with the aid of the disclosure of the officer. There is nothing in these cases tending to show, that the person summoned can be charged as trustee, on facts derived from any other source than his own answers, or that he can be compelled to state any fact which he disbelieves or does not know of his own knowledge.
Extrinsic facts have been sometimes introduced by the voluntary annexation of the evidence of them to the answers of the trustee, he declaring upon oath, that he believes them to be true; and it is in this way, that debts assigned were protected from attachment. But if the trustee should refuse to annex such evidence, we think there is no power in the Court to compel him. If an assignee should lose his debt on account of such refusal, the remedy is by action against the trustee. He may exercise hi's judgment and abide by the consequences.
*74 The object of this motion is, to compel the trustee to disclose a statement of the principal, which, if true, is supposed to defeat the title, under which he holds the goods by an assignment from the principal himself. If he does not believe this statement to be true, he ought not to make it a part of his answer. If he did, and at the same time stated his disbelief of its truth, it would be wholly nugatory ; for he must be discharged or charged upon his own oath.
We think it also clear, that the case is not within the statute which provides for a trial of the validity of assignments by jury. He does not disclose an assignment to another, but to himself. The trustees, in this respect, are as one, being joint assignees. And, in regard to the suggestion of a sub-assignment to Dehon, that, upon the explanation given, has no relation to the case ; for Dehon has not become the assignee of the principal and the trustee of his creditors. Every part of the statute indicates the intention of the legislature to provide for the bringing in of new parties whose rights cannot be otherwise protected. The assignees are already parties of record, and the creditors whom they represent are heard and protected through them. We cannot stretch the act to cover this case ; for the very process, by which we should attempt to execute it, would exhibit an absurdity, being to compel those to come in, who were originally parties to the suit. As the legislature go step by step in reforming our jurisprudence, it is probable that the next step will be, to provide a remedy for such evils as are supposed to exist in the present case.[1]

Trustee discharged.

 See Revised Stat. c. 109, § § 15 to 18; Kelly v. Bowman, 12 Pick 386 Willard v. Sturtevant, 7 Pick. 194.