Morton J.
delivered the opinion of the Court. Does the trustee discharge himself ? • This must be determined by his own answers, and no evidence aliunde can be received to aid or explain them. Comstock v. Farnum & Tr. 2 Mass. R. 96; Barker v. Taber Trs. 4 Mass. R. 81; Stackpole v. New-man Tr. ibid. 85 ; Minchin v. Moore & Trs. 11 Mass. R. 90. But his answers are not necessarily confined to facts within his own knowledge. He may refer to letters, statements, affidavits, assignments or other instruments and documents, and adopting them make them parts of his answer. Willard v. Sturtevant & Tr. 7 Pick. 194.[1] But he is not obliged to re *392 ceive and adopt any extraneous facts. He may not believe them to be true. And unless- he is willing to swear to bis belief in their truth, they cannot be received as a part of his answers. Hawes v. Langlon, 8 Pick. 67.
The trustee therefore had a legal right to reject the affidavits of Mclntier and Kelly, and to receive and adopt those of Bowman, Collins and the two Dunns. It would be no objection to the latter that they were interested in the event of the suit, if such were the fact; for the affidavits are not received as testimony in the case, but upon the authority of the trustee’s oath. But these persons do not appear to be incompetent. The Dunns were clearly disinterested ; and Bowman and Collins are equally interested both ways, and so legally indifferent.
The answers of a trustee being his own language, must unquestionably, in all doubtful cases, be construed most strongly against himself. Cleveland v. Clap, 5 Mass. R. 205. But his language is not to be distorted nor forced into any unnatural construction ; nor can inferences be drawn from any real or supposed discrepancies in his answers, against the fair and natural import of the language taken all together.[1]
Now from the answers in this case, including the foul affidavits which are adopted and made part of them, we are satisfied that the defendant, in negotiating the mortgage and note, acted as the agent of Ann Collins ; that when the trustee received the money of the broker, it was her money and she had a right to recover it out of his hands ; and that the defendant had no right to it except-as her agent. If he could receive it and give a valid discharge for it, it must be by her authority and not in his own right.
We are the better satisfied with this conclusion, from the admitted fact that the money was raised on property of Ann Collins, and therefore in justice ought to be paid over to her.

Trustee discharged.

 Chase v. Bradley, 5 Shepl. 89.

 See Lamb v. Franklin Manuf. Co. 6 Shepl. 187; Shearer v. Handy, 22 Pick. 417; Show v. Bunker,2 Metc. 376; Crossman v. Crossmant 21 Pick. 21 Graves v. Walker, ibid. 160.