## ALPHEUS CROSSMAN *versus* NOAH CROSSMAN, Principal, and ELISHA JACOBS, Trustee.

One summoned as trustee under the trustee process, answered, that he had had no dealings with the defendant, and had not made any promise or undertaking to him, within six years ; that no promise or agreement made previously thereto had been broken or fell due, or any cause of action accrued thereon, during such term of six years; and that he did not believe that he had one cent of money which the defendant had a right to demand or collect of him, because, if for no other reason, every such claim was barred by the statute of limitations. It was *held*, that although the defendant might still have claims upon which the respondent might be charged, consistently with the truth of his answer, yet that in the absence of interrogatories in relation to such claims, he had set forth facts enough to avail himself of the statute bar, and was entitled to be discharged.

But where the trustee in such case, answered further, that *his belief was, that he did not owe the defendant any thing ;* that he had not in his possession any goods put into his hands by the defendant *that he knew of;* that he did not *know* of having any money of the defendant in his hands, and did not *believe* that he had; that the defendant had never put into his hands any goods or money, either to be applied to some particular purpose, or accounted for, or to be delivered on demand, to his knowledge, where the purposes for which the same were put into his hands, were not fully answered or the money repaid to the defendant more than six years before the service of the writ; and that *he did not know of having had, and did not believe,* that he had had, within six years, any goods or money of the defendant, which the defendant had a right to demand and recover of him ; it was *held*, that the trustee was clearly entitled to be discharged.

Under the process of foreign attachment, the plaintiff may put interrogatories to the trustee calculated to elicit facts that may tend to charge him, but he has no right to ask questions for the purpose of discrediting his disclosures. Hence he is not entitled to the privilege of a cross-examination; and what the trustee may have told other persons, or said on former occasions, is immaterial and not a proper subject of inquiry.

THE trustee, in his general answer, declared " that for more than six years previous to the service of the writ upon him, there had been no dealings between him and said Noah ; that he did not, at any time within said six years, make any promise or undertaking to him ; and that no promise, undertaking, or agreement made previous thereto was broken, fell due, or any cause of action accrued thereon during the said term of six years next before the service of said writ, as he believed."

Upon being interrogated by the plaintiff, whether he had any goods, effects, or credits of the defendant in his hands at the time of the service of the writ upon him, he answered, secondly, that he referred to his former statement, as a reason why

Crossman
v.
Crossman
and Tr.

he declined answering this question, his belief being, that he did not owe said Noah any thing ; that they formerly had dealings together, but that the respondent chose to avail himself of the statute of limitations rather than to undertake to ascertain the balance thereof.

Upon being further interrogated what those dealings were, the respondent answered, thirdly, that he declined answering this question for the reasons before set forth.

In reply to the question, if he had not goods which were put into his hands by the defendant, and if he had not collected and received money for the defendant, which he had not paid to him, the respondent answered, fourthly, as follows : " I have received no goods from him within six years before the date of this writ, nor have I in my possession any goods put into my hands by said Noah, that I know of. I have received no money for, or from said defendant within said six years ; nor do I know of having any money of said Noah in my hands ; nor do I believe that I have."

Upon being interrogated, fifthly, if he had collected any money at any time for the defendant, which he had not paid over to him, he answered, he did not believe, that he had one cent of money which the defendant had a right to demand, claim, sue for or collect of him, because, if for no other reason, every such claim was barred by the statute of limitations.

To the interrogatory, if he had not collected for the defendant, money from any person or persons in Philadelphia, or in other places, and, if any, how much, and what he had done with it, the trustee replied, sixthly, that he declined answering this question any further than he had previously done.

In reply to the question if goods had not been intrusted to him by the defendant, and if he had not, at any time, collected money for the defendant, which the defendant had not demanded of him, the respondent answered, seventhly, that the defendant never put into his hands any goods or money, either to be applied to some particular purpose, or accounted for, or to be delivered on demand, to his knowledge, where the purposes for which the same were put into his hands, were not fully answered, or the money repaid to the defendant, more

than six years before the service of the writ ; and that he did not know of having had, and did not believe that he had had, within six years, any goods or money of the defendant, which the defendant had a right to demand and recover of him

Upon being interrogated, if he did not recollect having received of Rogers & Brothers, money belonging to the defendant, and if so, if he had paid it to the defendant, or if the defendant had demanded the same of him, the trustee answered, eighthly, that his former answer was general, and covered all particulars, and that he declined answering further.

In reply to the question, if he had not stated to certain of the creditors of the defendant, within six years previous to the date of the writ, that he had no goods or property of the defendant in his hands, the trustee declined answering as to conversations with third persons who were not parties to the action.

Upon being interrogated, if he kept any minutes or entries of the goods or money received of or for the defendant, and of the manner in which they were disposed of, the respondent answered, that he had supposed he was understood by his former answers as declining to answer in general or in particular, in whole or in detail, about transactions in regard to which he was not bound by law to answer ; and he referred to his former answers as covering his reply to this question.

*Miles*, for the plaintiff, cited *Hinsdale* v. *Larned*, 16 Mass. R. 65 ; *Hazen* v. *Emerson*, 9 Pick. 144.

*Washburn*, for the trustee, cited *Cleveland* v. *Clap*, 5 Mass R. 201 ; Cushing on Trustee Process, § 58, 59, 232, 235 ; *Farnam* v. *Brooks*, 9 Pick. 243 ; Angell on Limitations, 351 ; *Hazen* v. *Emerson*, 9 Pick. 144.

MORTON J. delivered the opinion of the Court. Two questions arise in this case : 1. Whether the trustee is chargeable upon his answers as they stand ; and 2. Whether he is bound to answer further.

It is a well established and familiar rule, that all the statements in the trustee's answers are to be regarded as true ; and his extends to assertions made on his *belief* of facts derived from other sources of information, as well as from his personal knowledge. *Whitman* v. *Hunt*, 4 Mass. R. 272 ; *Hatch* v.

*Crossman v. Crossman and Tr.*

*Oct 4th*

*Oct 8th*

Crossman
v.
Crossman
and Tr.

*Smith*, 5 Mass. R. 42 ; *Cleveland* v. *Clap*, 5 Mass. R. 202 ; *Willard* v. *Sturtevant*, 7 Pick. 194 ; *Rundlet* v. *Jordan*, 3 Greenl. 50 ; *Picquet* v. *Swan*, 4 Mason, 443 ; *United States* v. *Langton*, 5 Mason, 280. If the trustee, in his answers, were confined to matters within his own knowledge, he might not only be exposed to great injustice himself, but the rights and interests of his cestui que trusts might be jeoparded. *Hawes* v. *Langton*, 8 Pick. 67. He might have a just and valid defence against the claim of the principal defendant and ample proof to sustain it, and yet none of the facts be within his own knowledge, so that he could testify to them.

So, the trustee may rely upon any ground of discharge, which would be a good defence to a suit against him. And therefore he may well avail himself of the statute of frauds or the statute of limitations, in answer to the trustee process. *Hazen* v. *Emerson*, 9 Pick. 144.

The trustee, in his general answer, avers, that he has not had any *dealings* with, nor made any promise or *undertaking* to, the defendant, within *six years* before the commencement of this action, and has not, at any time, made any promise or undertaking, which *fell due* or *was broken*, or upon which any *cause of action* accrued within the same time. This disclos ure, doubtless, was intended to set forth all the facts necessary to bring his case within the statute of limitations. But it is apparent, that it does not perfectly cover the whole ground. For consistently with the truth of this statement, he may have made a note, bond or other contract, to the defendant more than six years before the commencement of this action, which has not yet *become due* or *been broken* and upon which he would be liable to be charged. Had he been interrogated upon this point, he, undoubtedly, would have been bound to have given a direct and explicit answer. But no such inter-rogatory was put to him, and this raises some presumption that, had it been put, it would have been answered in the negative. And when to this, we add the answer to the fifth interrogatory, we cannot doubt that the trustee, by a fair construction of his disclosures, which are to be viewed as the testimony of a witness rather than the special plea of a party, has set forth facts enough to avail himself of the statute bar.

Crossman
v.
Crossman
and Tr.

But, on more general and meritorious grouɩds, we think he is entitled to his discharge. In his second answer he alleges his *belief*, that *he did not owe said Noah any thing.* And in his fourth answer, he adds, " nor have I in my possession any goods put into my hands, by said Noah, that I *know* of," nor " do I *know* of having any money of said Noah in my hands, nor do I *believe* that I have." These declarations, being taken to be true, and confirmed and strengthened, as they are, oy the eighth answer, are sufficient to show that the trustee is not liable to this process.

A trustee, summoned according to the provisions of our statutes upon the subject, stands, in most respects, in the character of a witness, and also in the relation to the plaintiff of his own witness. He may put interrogatories calculated to elicit facts that may tend to charge him ; but has no right to ask questions for the purpose of discrediting his disclosures. He is bound to take his statements under oath as truth, and can neither impeach his character nor contradict his testimony. Hence he is not entitled to the privilege of a cross-examination ; and what the trustee may have told other persons, or said, on former occasions, is immaterial and not a proper subject of inquiry. Had the plaintiff put the interrogatory above referred to, the trustee would have been bound to answer it ; but the several questions which he declined answering were either irrelevant or improper, and he was justified in his refusal.

*Trustee discharged.*