## OLIVER N. BOSTWICK *vs.* JAMES A. BASS & trustees.

An insurance company summoned as trustees in foreign attachment answered generally, denying possession of goods, effects or credits of the defendant; and to interrogatories of the plaintiff replied that they issued a policy against loss by fire on the defendant's goods in a building, and had received notice of the destruction of the goods by fire, but were informed and verily believed that the policy was avoided by a misrepresentation of the defendant, in obtaining the insurance, that the building was detached, when in fact there was a building adjoining which materially affected the risk. The plaintiff then alleged and offered to prove, under the Gen. Sts. *c.* 142, § 11, that the insurance was not effected upon a detached building, and that there was no adjoining building which materially affected the risk; but the judge excluded the evidence as immaterial, and ordered the trustees to be discharged. *Held*, that the plaintiff had no ground for exceptions.

TRUSTEE PROCESS. The Western Massachusetts Insurance Company, summoned as trustees, filed a general answer denying that they were chargeable, and also answered special interrogatories of the plaintiff, who then made allegations and offered evidence on the question of charging them, which *Rockwell*, J., excluded as immaterial; to which ruling the plaintiff alleged exceptions, and also appealed from the order of the judge for their discharge. The material facts are stated in the opinion.

*T. P. Pingree & J. M. Barker*, for the plaintiff.

*W. R. Plunkett*, for the trustees.

CHAPMAN, C. J. The trustees answer generally that, according to their best information and belief, they have not any goods, effects or credits of the defendant in their hands or possession. On being further interrogated, they admit that they issued a policy of insurance on the defendant's stock of goods in a country store, and that they have been notified of the destruction of the property by fire; but they say they are informed and verily believe that there was a misrepresentation on the part of the defendant in obtaining the insurance, sufficient to invalidate the policy, which was, that the store in which the goods were was detached, whereas in fact there was another store adjoining which very materially affected the risk. There is no doubt that such a misrepresentation is material, and invalidates a policy; and upon this state of facts the trustees are entitled to be discharged

The statements of trustees in their answers are to be consid‑ ered as true in deciding how far they are chargeable ; and the additional facts which the plaintiff may allege and prove must be other facts not stated or denied in their answers. Gen. Sts. *c.* 142, § 11. The plaintiff alleged and offered to prove : 1, that the insurance was not effected upon a detached building ; 2, that there was no other building, adjoining the one containing the goods destroyed and covered by the policy, which materially affected the risk. The terms of the first allegation are immate‑ rial, because the insurance was not upon the building. But, assuming that the error is verbal merely, yet neither of the alle‑ gations relates to facts not stated or denied in the answer. Each of them contradicts statements in the answer which the trustees say that they are informed and verily believe to be true. These averments are therefore immaterial ; because, notwith‑ standing them and any evidence which may be offered to sus‑ tain them, the court are required by the statute to consider the statements of the trustees as true.

It is not material to consider the other questions that have been argued. *Exceptions overruled.*