## JOHN F. BUTTERWORTH *v.* WILLIAM CRAWFORD.

The owner of two adjoining lots of land, Numbers 83 and 85, dug a vault, extending partly into each lot, from which he constructed a drain running through lot No. 85 to the street sewer. He conveyed lot No. 85 to the defendant by deed containing a covenant against incumbrances, and subsequently conveyed lot No. 83 to the plaintiff.

*Held,* that the defendant took his lot with the servitude annexed, and that the plaintiff might maintain an injunction to restrain defendant from destroying the drain.

It is no defence to such an action that the defendant purchased his lot without notice of the easement.

APPEAL from a judgment entered on the report of a referee.

The action was brought for an injunction to restrain defendant from removing a sewer. After issue was joined, the action was referred to Hon. Murray Hoffman, as sole referee, who found the facts, as follows:

That one Henry Volkening was, in the year 1864, owner of two certain lots or parcels of ground, with dwelling-houses upon each of them, known as Numbers 83 and 85 West Forty-sixth street, in the city of New York. That while he continued such owner, he dug and formed a vault, extending partly into the yard of each of such houses, and constructed a drain from such vault, running through the lot Number 85 to the sewer in Forty-sixth street. That he ran to a division fence, between the yards of the said two houses extending from the rear of such houses to the rear of the lots, which fence was upon the division line, and crossed the center of such vault. That he constructed an out-house or building over such vault, which was divided into two parts by the fence aforesaid, and formed a privy on each side thereof, for the separate use of the tenants of such houses respectively. The roof of such building had its apex a few inches above the top of such fence. That after the erection of the said out-house and vault, and of the drain before mentioned, the said Volkening, on the 11th day of

December, 1865, executed a deed for the house and lot known as No. 85 West Forty-sixth street, for the consideration and in the manner, and containing all the covenants usual in a full warranty deed. And that possession of said premises was immediately taken on reception of such deed. That subsequently thereto, and on the 26th day of January, 1866, the said Volkening executed and delivered to the plaintiff herein, a deed for the house and lot No. 83 West Forty-sixth street.

That on or about the 1st day of January, 1867, and before the commencement of this action, the said plaintiff leased the said premises, No. 83 West Forty-sixth street, so conveyed to him, to one Beerman, for a term of three years, the said tenant to keep the property in good repair. And that said Beerman took possession forthwith, and hath, by himself or his undertenants, since held possession of the same. In case of the destruction of the buildings by fire, such lease was to terminate. That in the summer of the year 1866, before the commencement of this suit, the defendant built a privy on his said premises, No. 85 West Forty-sixth street, about twelve feet further towards the rear of his lot, and extended the said drain to the vault of such privy, and then cut off all connection between that portion of the said vault on the plaintiff's lot and said drain. All this was done upon his, the defendant's lot, No. 85. That a drain from the plaintiff's house, No. 83, to the sewer in the street, can be constructed without difficulty.

The referee found, as conclusions of law, that the defendant had no right to cut off or obstruct the communication from that part of the vault on the plaintiff's lot, by the drain aforesaid, through defendant's premises to the common sewer in the street; and that the plaintiff was entitled to a judgment restraining the defendant from continuing the obstruction to the use of such drain, and requiring him to open such drain, and restore the same to the condition it was in at the time of the conveyance to the plaintiff.

The referee also delivered the following opinion:

(1.) Upon the pleadings in this case, and the admissions before me, I must conclude, that the deed to the defendant by

Volkening, was executed and took legal effect before that to the plaintiff, and that the defendant took possession of his lot first. This dispenses with the examination of a nice point of law arising upon the face of the deeds of December 11th, 1865, and January, 1866, the acknowledgments, &c.

(2.) Therefore, the question is, what was the legal operation of Volkening's conveyance of No. 85, by such deed, retaining the ownership of No. 83 in himself?

The drain from the common vault ran through the premises thus conveyed to the defendant. This was the easement upon No. 85, and attached to No. 83. The premises No. 85 were the servient, No. 83 the dominant easement.

The cases are collected in the fourth edition of Gale on Easements, and among other authorities, the author cites *Pyer* v. *Carter* (1 Hurlst. & Nor., 916), which is not noticed in *Lampman* v. *Milks*. It would be scarcely possible to find a case more precisely identical with the present, and decidedly in the plaintiff's favor. This case is disapproved of by Lord Chancellor WESTBURY, in *Hinchcliffe* v. *The Earl of Kinnoul* (5 Bing N. C. 1), and by others; but it is approved in *Ewart* v. *Cochrane*, in the House of Lords.

It strikes me that the distinction made by the late edition of Gale's book, is a sound one; and that when the owner of both parcels conveys the servient parcel by a full deed with covenants, none but easements of necessity can be treated as retained by him for the parcel reserved.

The able argument of the counsel for the defendant, also is entitled to great weight. But the court have laid down the rule, in *Lampman* v. *Milks* (21 N. Y. 505), in so decided a manner in favor of the plaintiff, and so corresponding with the decision of the Court of Exchequer referred to, that it is impossible for me to refuse to be governed by it. It may be that what is said was not strictly necessary for the decision of the case, but when the court, without a question, allow an opinion to go forth, stating a rule very positively, a referee at least must be bound.

(3.) I think, after looking at the cases, particularly *Alston* v. *Scales*, 9 Bing. 3; *Queen's College* v. *Hallett*, 14 East, 489;

*Bower* v. *Hill*, 1 Bing. N. C. 549; *Hastings* v. *Livermore*, 7 Gray, 194; *Baker* v. *Sanderson*, 3 Pick. 348; and *Austin* v. *Hudson River R. R. Co.*, 25 N. Y. 334—the plaintiff is in a situation to sustain the action.

(4.) The evidence is insufficient to make out a case of nuisance.

(5.) Even supposing that the evidence made out that the drain was not of sufficient capacity, that could not justify the defendant in wholly cutting it off, depriving the plaintiff of the partial benefit derived from it. An application to enlarge and repair was the proper course.

(6.) That the plaintiff could make a drain at a small expense from his own lot was urged in the case in Exchequer referred to, and held unavailing.

(7.) The answer contains an averment that the plaintiff misused the privy by throwing quantities of garbage, feathers, and other matter into it, which caused the drain to be obstructed. If this had been made out in proof, the défence would have been perfect (*Cawkwell* v. *Russel*, 26 Law Journal Exch., 34). The plaintiff is entitled to the remedy he prays. He has not proven damages.

The jurisdiction of equity in the case is made out.

(See the cases in Hammond's Edition of Gale's Law of Easement, pp. 313, 304, especially *Robinson* v. *Lord Byron*, 1 M. C. C., 588, and 3 L. Rep., 380 Exch.)

From the judgment entered on these findings, the defendant appealed to the General Term.

*Nelson Smith*, for appellant.

I. The referee erred in deciding that the plaintiff was entitled to an easement for the drainage of his out-house through the defendant's premises. An easement can only be created by deed or by prescription (*Hewlins* v. *Shippam*, 5 Barn. & Cres. 221), it cannot be created by parol (*Wolfe* v. *Frost*, 4 Sand. Ch. 72). The plaintiff does not claim by prescription, and we submit that he cannot claim by deed.

II. No easement in favor of Volkening upon the premises conveyed by him to the defendant, was raised, reserved, or created by such conveyance. The deed was entirely in the language of Volkening, signed by him only—its words are his words—and according to the well-settled rule of construction in such cases, it is to be taken most strongly against him; he is *estopped* by the covenants in this deed from ever claiming any interest in the premises in the nature of an easement or otherwise (2 Greenleaf's Cruise on R. P. 611; *Jackson* v. *Stevens,* 13 Johns. 316).

III. Where the owner of real estate, by his alteration of the natural distribution of the qualities of land renders one portion subservient to another, and then conveys the dominant portion, an easement upon the servient portion is raised in favor of the grantee (*Lampman* v. *Milks,* 21 N. Y. 505), but when the owner first conveys the servient portion unqualifiedly, no easement is raised in favor of the grantor for the dominant portion, except in cases of absolute necessity, and not even then, if is is apparent from the provisions of the deed that such a reservation could not have been intended (*Burr* v. *Mills,* 21 Wend. 290; *Preble* v. *Reed,* 17 Me. 169; *Hathorn* v. *Stinson,* 10 Me. 224; *McTavish* v. *Carroll,* 7 Md. 352; *Johnson* v. *Jordan,* 2 Metc. 234).

IV. Conceding that Volkening, upon a simple conveyance, would have been entitled to an easement, yet it was competent for him to release it, and the deed in question which he executed to the defendant, is not only a conveyance but an absolute release and discharge of all right and every interest which the grantor had in the premises capable of being conveyed.

V. The plaintiff necessarily claims through Volkening, and has no right except such as Volkening had after his conveyance to the defendant. Volkening having no right, it follows that the plaintiff has none.

VI. The referee erred in excluding evidence to prove that defendant had no notice when he bought that the drain was through his lot. The offer necessarily implies what the defendant also offered to prove that there was nothing in the appearance of the premises from which notice would be com-

municated, and, therefore, excludes the theory stated in *Pyer* v. *Carter* (1 Hurlst. & Nor. 916), that the defendant was bound to take notice. In *Lampman* v. *Milks*, notice is regarded as an important element.

VII. The injury, supposing the right of an easement to exist, is that of the plaintiff's tenant; the plaintiff does not aver in his complaint that his reversionary interests are injured, and has not shown that he has sustained any damage. He only shows such an injury as affects his tenant, who alone has the right of action if any (*Baker* v. *Sanderson*, 3 Pick. 348; *Hastings* v. *Livermore*, 7 Gray, 194; *Foley* v. *Wyeth*, 2 Allen, 135).

*Samuel Stevens*, for respondent.

I. The plaintiff has an easement by which he is entitled to the use, for drainage purposes, of the sewer in question.

This is an easement created by implication of a grant, upon the severance of an heritage by its owner, into two parts. It belongs to the class of continuous and apparent easements which have been used by the owner during the unity of the estate (Gale & Wheatley on Easements, p. 38; *Orleans Nav. Co.* v. *New Orleans*, 2 Martin, O. S. 10; *Lampman* v. *Milks*, 21 N. Y. 505).

II. The interference with the enjoyment of the easement will be restrained in equity by injunction. The plaintiff has such an interest in the premises, as landlord, as entitles him to bring and sustain this action (*Aldridge* v. *Stuyvesant*, 1 Hall, 210).

BY THE COURT.—DALY, F. J.—The only feature which distinguishes this case from *Pyer* v. *Carter*, 1 Hurlst. & Nor. 916, is that the deed here conveying the servient tenement contained a covenant that it was free of all charges, incumbrances, &c., &c., but that distinction does not, in my judgment, affect the principle upon which *Pyer* v. *Carter* was decided, which was, in the language of Baron Watson, that it is in accordance with reason, that when the owner of two or more adjoining houses sells and conveys one of them to a purchaser, such

house in his hands is subject to all the drains then necessarily used for the enjoyment of the adjoining house, without any express reservation or grant, because he purchases the house as it is; and he adds the very pertinent reason that the inconveniences in towns would be very great, if, when the owner of several houses conveys one of them separately, the purchaser of the house could stop up the system of drainage made for the benefit and necessary occupation of the whole.

Justice Selden, in *Lampman* v. *Milks*, 21 N. Y. Rep. 512, has stated very concisely, the rule necessarily to be deduced from the decision made in the early case of *Robbins* v. *Barnes*, *Hob.* 131, that " upon the severance of two tenements belonging to the same owner, by the conveyance of one or both, they must be taken as they were at the time of the conveyance. If, therefore, the owner retains the tenement benefited, and sells that upon which the burden has been imposed, the purchaser takes the latter with the burden of servitude annexed." It is, as the respondent has argued, the rule of the common law, that when the owner of two tenements sells one of them, the purchaser takes the one sold with all the benefits and burdens as between it and the other tenement, which existed at the time of the severance and sale, a proposition fully borne out by the authorities to which he has referred.

The owner of the two adjoining houses in this case, Nos. 83 and 85, built a vault, which was partly extended over both lots, from which vault he constructed a drain, extending over lot 85 to the sewer in 46th street. The vault and the drain was one general structure for the benefit of both houses, and when he severed the ownership by conveying lot 85, over which the drain was built, to the defendant, the defendant necessarily took it with the sewer-tube annexed. It does not affect the application of the rule that he covenanted in the deed that the lot then conveyed was free of incumbrance, because that was not an incumbrance. It was an easement which the owner of lot 83 had, after the severance, that the vault or cess-pool built upon both lots, and extending four feet over each, should continue with the drain from it over lot 85 to the sewer in 46th street. Easements are in certain cases incumbrances, but not in a case

like this. In *Whitbeck* v. *Cook*, 15 Johns. 483, Chief Justice Spencer was of the opinion that even a highway through the land was not within the covenants of the deed an incumbrance, for the reason that the purchaser must be presumed to have known of the existence of a road over the land common to the public, and had no right to complain that the general covenants in his deed were broken by the existence of what he saw when he purchased the property; though the reverse has been held in Massachusetts and Connecticut, where a highway has been regarded as an incumbrance within the meaning of the covenant (*Kellogg* v. *Ingersoll*, 2 Mass. 96; *Hubbard* v. *Norton*, 10 Conn. R. 422).

But in a case, however, much more in point (*Hendricks* v. *Stark*, 37 N. Y. 106), it was held, by the unanimous judgment of the Court of Appeals, that a party wall was not such an easement or incumbrance upon the premises as would relieve the defendant from his contract to purchase them, though he was ignorant that the walls were party walls when he made the contract. The failure of the defendant, says the court, to inform himself upon a subject upon which the contract was silent, shows that he was content to buy without being at the trouble of examination or inquiry, and a specific performance of the contract to purchase was enforced. Upon a contract to purchase, a party is not bound to take the property, if he finds that there is a subsisting legal incumbrance upon it, and this decision, therefore, necessarily proceeded upon the ground that a party wall is not such an incumbrance. A party wall is an easement creating a community of interest between adjoining proprietors, and this is exactly what the vault and drain from it was, in this case.

This decision is an answer to the defendant's second point, that the referee erred in excluding his offer to show that he had no notice of the vault and drain over the lot when he purchased it, and his third point is untenable. The injury complained of —the cutting off the drain—was an injury to the inheritance, which the plaintiff had the right to restrain by injunction, though he had leased the tenement, and it was in the the occupation of his lessee when the act complained of was done.

The report of the referee should be affirmed.