HENRY M. PHILLIPS, treasurer, vs. JOHN MEAGHER & trustee.

Suffolk.    January 20, 1896. — May 22, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Trustee Process — Answer of Trustee — Statute.*

The answer and statements sworn to by the person summoned as trustee are to be
    considered as true in deciding how far he is chargeable, and facts sought to be
    proved in denial of the answers of the trustee are, by the plain provisions of
    Pub. Sts. c. 183, § 17, inadmissible.

TRUSTEE PROCESS.    This case, which was brought by the
Treasurer of the Commonwealth, was heard before *Mason*, C. J.,
on two motions, the principal defendant having been defaulted:
one, a motion of the plaintiff to charge the alleged trustee, Mary
Meagher, and the other her motion to be discharged.    The trus-
tee answered " no funds," and interrogatories to her, and her
sworn answers thereto, were duly presented and read, by which
it appeared that she had at one time the sum of nineteen hun-
dred and thirty-three dollars belonging to the defendant, John
Meagher, her husband, in her possession; but she stated in her
answers that the money was, long before the bringing of the
plaintiff's writ, expended, with the consent of her husband, for
the support and maintenance of herself and their minor children.
It appeared that John Meagher had been an insane ward of
the Commonwealth since 1888, although now declared to be
cured.    The plaintiff offered him as a witness for the purpose of
contradicting the answers of the trustee in two particulars: first,
by showing that the amount which had come into her hands and
possession was larger than the amount stated by her in answer
to the interrogatories; and secondly, by showing that he never
consented to or directed the use of the money for the support of
the family, as she stated therein, and that the money which
she acknowledged to have received was never so used, but was
still in some form in her possession.

The judge excluded this evidence, as inadmissible under Pub.
Sts. c. 183, § 17, and the plaintiff excepted.

The judge ordered that Mary Meagher be discharged; and the plaintiff alleged exceptions.

*J. P. Leahy*, for the plaintiff.

*T. J. Enright & F. A. Fisher*, for the trustee.

LATHROP, J.   The Pub. Sts. c. 183, § 17, provide as follows: " The answers and statements sworn to by a trustee shall be considered as true in deciding how far he is chargeable, but either party may allege and prove any facts, not stated nor denied by the trustee, that may be material in deciding that question."

These provisions were first enacted in the Rev. Sts. c. 109, § 15, and have since been in force.   Gen. Sts. c. 142, § 11.   The law prior to the Revised Statutes is accurately stated by the Commissioners in their note to § 15.   Although neither the St. of 1794, c. 65, nor the St. of 1817, c. 148, expressly provided that the answers and statements of a trustee should be considered as true in deciding how far he was chargeable, this was early asserted to be the intent of the framers of the first statute, and collateral evidence was not admitted unless the trustee saw fit to incorporate it in his answer.   *Comstock* v. *Farnum,* 2 Mass. 96.   *Barker* v. *Tabor,* 4 Mass. 81.   *Stackpole* v. *Newman,* 4 Mass. 85.   *Whitman* v. *Hunt,* 4 Mass. 272.   *Hatch* v. *Smith,* 5 Mass. 42, 49.   *Minchin* v. *Moore,* 11 Mass. 90.   *Wood* v. *Partridge,* 11 Mass. 488.   *Willard* v. *Sturtevant,* 7 Pick. 194.   *Hawes* v. *Langton,* 8 Pick. 67.   *Kelly* v. *Bowman,* 12 Pick. 383.

The object of the provisions of the Revised Statutes was, first, to affirm what the court had stated to be the law, and, secondly, to allow either party to allege and prove other facts, provided such facts had not been stated or denied by the trustees.

The facts which the plaintiff sought to prove in the case at bar were in denial of the answers of the trustee, and were, by the plain provisions of the statute, inadmissible.   *Gouch* v. *Tolman,* 10 Cush. 104.   *Bostwick* v. *Bass,* 99 Mass. 469.   *Stillings* v. *Young,* 161 Mass. 287.   See also *Chapin* v. *Connecticut River Railroad,* 16 Gray, 69, 70; *Richards* v. *Stephenson,* 99 Mass. 311.

*Exceptions overruled.*