## HARRISON FAY *vs.* PAUL SEARS.

In *scire facias* against a trustee, his answers to interrogatories are to be considered as true.

The maker of a promissory note is not chargeable as trustee of the payee, if the note, even though not negotiable, was transferred for value by the payee, before the maker was summoned as trustee.

The maker of a promissory note, summoned as trustee of the payee, answered that he was informed and believed that the note was transferred by the payee before the service of the writ upon him, but that he did not know to whom. *Held*, that in the absence of collateral evidence, it must be considered that the note was so transferred.

One summoned as trustee cannot be charged on account of a contract with the defendant which he swears in his answer was procured by the defendant's fraud.

SCIRE FACIAS upon a judgment of this court against the defendant as trustee of the Columbian Insurance Company, upon which execution was issued, demand made upon the trustee, and execution returned unsatisfied. After the defendant had answered in the *scire facias*, three sets of interrogatories to him were filed by the plaintiff, which he answered. On application of the plaintiff, the court then ordered him to answer more fully, and he filed further answers.

The case was heard upon the original writ, the writ of *scire facias*, the returns thereto, the interrogatories and answers, and the order of the court for a fuller answer, before *Colt*, J., who reserved the case for the consideration of the full court; such order or judgment to be entered therein as the case required. The case is stated in the opinion.

*F. C. Loring & C. K. Fay*, for the plaintiff.

*G. F. Homer*, for the defendant.

MORTON, J. After the defendant filed his answer in this case, the plaintiff filed several sets of interrogatories to the defendant, which were answered by him. The plaintiff contends that these answers " are not to be considered as entitled to the privileges of the answer of a trustee; that they are merely evidence, and, as such, open to the same exceptions to which the testimony of any other person would be subject." His claim is, that, *scire facias* being a civil action, either party had a right to file interrogatories to the other under the Gen. Sts. *c.* 129, § 46. We cannot concur in this view. The statutes regulating the trustee process provide

that " the answers and statements sworn to by a trustee shall be considered as true, in deciding how far he is chargeable." Gen. Sts. *c.* 142, § 11. That part of the same chapter which regulates the proceedings in a suit of *scire facias* against a trustee provides that " if the trustee appears and answers to the *scire facias*, and if he had not been examined in the original suit, he shall be liable to be examined in the same manner as he might have been in that suit ; and if he had been examined in the original suit, the court may require or permit him to be examined anew in the suit on the *scire facias*. In either case he shall be permitted to answer and prove any matter that may be necessary and proper for his defence in the suit on the *scire facias*. Upon the whole matter appearing upon such examination and trial, the court shall render such judgment as law and justice require." Gen. Sts. *c.* 142, § 42.

The original suit and the *scire facias* are part of one continued and connected course of proceedings; and the only reasonable construction of the two sections above cited is that the examination of the trustee in the latter suit is to be in the same manner and with the same effect as in the former. His answers in the *scire facias* suit are to be considered as true, and if they are wilfully false he is liable in an action of tort to pay to the plaintiff in the trustee process the full amount of his judgment, in the same manner as if he had sworn falsely in the original suit. Gen. Sts. *c.* 142, § 14. *Laughran* v. *Kelly*, 8 Cush. 199. Such has been the uniform practice. The provisions of chapter 129 as to interrogatories to adverse parties are inconsistent with the privileges expressly granted to a trustee, and are inapplicable to a suit of *scire facias* against a trustee. The fact that the defendant submitted to an order of the court requiring him to answer more fully, without objection, and without raising any question as to the power of the court to pass such order, does not change the character or effect of his answers. It follows that in deciding how far the defendant is chargeable as a trustee, his answers and statements are to be considered by us as true.

The answers disclose that the defendant had made six promissory notes payable to the Columbian Insurance Company on time,

the latest of which fell due in December 1866, being before the service of the original writ upon him. If these notes had been in the hands of the Columbian Insurance Company at the time the writ was served, the defendant would have been chargeable as trustee to the amount due upon them. *Scott* v. *Hawkins*, 99 Mass. 550.

But the defendant states in his answer that " I am informed and believe that in December 1866, and before the service of the plaintiff's writ in this case upon me, all my said notes were transferred by the receivers of the Columbian Insurance Company, with the approval of the Supreme Court of New York, under whom said receivers are acting, to a creditor of the said Columbian Insurance Company, for a valuable consideration ; all which appears on the books of said Columbian Insurance Company ; and I am informed and believe that said books show that, at the time of the service of the plaintiff's writ upon me, said company had no claims on me on account of said notes." It is not stated whether these notes are negotiable or not. But assuming that they were not negotiable, the transfer to a creditor for a valuable consideration constituted a valid assignment, and gave the transferee an equitable right to collect them in the name of the payee but to his own use, and the maker could not afterwards be charged as the trustee of the payee. *Foster* v. *Sinkler*, 4 Mass. 450. *Taylor* v. *Collins*, 5 Gray, 50 note. *Macomber* v. *Doane*, 2 Allen, 541. *Kingman* v. *Perkins*, 105 Mass. 111.

The plaintiff objects that the trustee does not state this assignment as of his own knowledge. He could not have personal knowledge of the transfer unless he was a party to or present at the transaction. But he states that he is informed and believes that such transfer was made, and that he has not been informed and does not know who is the owner of the notes.

If a person summoned as trustee answers fairly and makes a full disclosure, the facts which he states to be true, from his information and belief, are to be considered as true, as well as those stated on his own knowledge. *Shaw* v. *Bunker*, 2 Met. 376. *Bostwick* v. *Bass*, 99 Mass. 469.

No additional allegations were filed and no collateral proofs offered by the plaintiff in this case, and we must determine the question whether the defendant is chargeable as trustee, on account of these notes, solely upon his answers. By them it appears that he did not owe the Columbian Insurance Company the notes, or any part of them, at the time the original writ was served on him.

This view renders it unnecessary to inquire how much is due upon said notes, upon the facts stated in the answers. Whatever may be due is due to the holder of the notes, and not to the principal defendant in the original suit.

The plaintiff claims that the defendant is chargeable as trustee by reason of the premium alleged to be due for insurance of the ship Expounder. But the defendant states in his answers, in substance, that he was induced by false and fraudulent representations of the corporation or its agents, known by them to be false, to enter into the contract by which he agreed to pay this premium ; and that the company had earned nothing and he owed it nothing on account of the Expounder. These facts are to be regarded as true for the purposes of this case. They show a fraud which avoids the contract and which would be a defence to a suit by the company to recover this premium. He cannot, therefore, be charged as trustee on account of it. *Doyle* v. *Gray,* 110 Mass. 206.

The views we have taken render it unnecessary to consider many of the points in the elaborate argument of the plaintiff.

The result is upon the whole case that the defendant is not chargeable upon his answers.    *Judgment for the defendant.*