DENNIS LUCY *vs.* MARK DOWLING & others.

An entry of judgment in the Superior Court, upon default, upon a petition to enforce a mechanic's lien, made by the clerk, without special direction, under the general order, may be stricken off at a subsequent term by the court, in its discretion, as having been entered by mistake, and the case brought forward, and other persons interested in the petition summoned in.

PETITION to enforce a mechanic's lien. The petition was inserted in a writ of original summons, dated June 16, 1871, in which Mark Dowling was summoned to answer to the petition at July term, 1871, of the Superior Court. It was alleged in the pe-

tition that the premises were owned by Henry Greenough, Charles Henry Parker, and Charles W. Huntington. The writ was served on Dowling alone, and he duly appeared and filed an answer.

At April term, 1872, the case having been then for the first time put on the trial list, Dowling was defaulted, and at the end of the term, the clerk, in pursuance of a general order passed by the court, minuted upon the docket, "Judgment, May 23d." No special decree of the court was made, there being no person before the court, with the exception of Dowling, against whom such decree could be made. Nothing further was done in the case until January term, 1873, when, on motion of the petitioner, the court ordered the entry of judgment to be stricken off, the action to be brought forward, and Greenough, Parker and Huntington, the owners of the premises, to be notified. An order of notice was thereupon issued to them and to all persons interested, returnable on the second Tuesday of March, 1873, at which time Greenough, Parker and Huntington appeared.

At the trial before *Putnam*, J., at April term, 1873, Greenough, Parker and Huntington admitted the allegations of the petition, but requested the court to rule that upon the foregoing facts the petition could not be maintained as against them. The court refused so to rule, and ruled that upon the foregoing facts the petitioner was entitled to maintain his lien, and directed the jury to find for the petitioner; which they did, and the owners of the premises excepted.

*R. M. Morse, Jr., & R. Stone, Jr.,* for the owners.

*T. Riley,* for the petitioner.

GRAY, C. J. The owners of the land, though named in the petition, as required by the Gen. Sts. c. 150, §§ 5, 11, yet not having been served with notice thereof before it was entered, the court was authorized by § 16 to order further notice to them at any time while the suit was pending. It was within the discretion of the court, upon motion of the petitioner, to order the judgment, minuted by the clerk on the docket, to be stricken off, as having been entered by mistake, and the case to be brought forward, to be dealt with as if no judgment had been entered. *Stickney* v. *Davis,* 17 Pick. 169. *Capen* v. *Stoughton,* 16 Gray, 364.

The questions of mistake and laches, and all other facts involved in that motion, were within the exclusive determination of the Superior Court, and are not, and cannot be, brought before us by exceptions. *Whitney* v. *Thayer*, 5 Pick. 528.

*Exceptions overruled.*