FIRST NATIONAL BANK OF CLINTON *vs.* SAMUEL BRIGHT.

Suffolk. March 18. — May 28, 1879. AMES & LORD, JJ., absent.

Under the Gen. Sts. *c.* 142, §§ 11, 16, 42, facts stated upon information and belief in the answers of a trustee are to be conclusively taken as true, although an adverse claimant has appeared.

MORTON, J. This is a writ of *scire facias* against the defendant as the alleged trustee of one John W. Draper. The defendant was defaulted and adjudged a trustee in the original action; but it was competent for him to answer and prove in this suit any matter necessary and proper for his defence. Gen. Sts. *c.* 142, § 42. *Fay* v. *Sears*, 111 Mass. 154.

It appears by his answers that, at the time of the service of the original writ upon him, he was owing a balance upon his promissory note, dated February 6, 1861, payable in one year

from date to the order of Otis Shepard, and secured by a mortgage of real estate, and that said note and mortgage had been assigned to said Draper. He also stated in his answer that Marcus J. Delano claimed that the note and mortgage had been transferred to him by Draper before the service of the original writ. Delano was thereupon admitted as a claimant under the statute. Afterwards the defendant, by leave of court, filed an amendment to his answers, in which he states, " I was informed before judgment was rendered in the original action, and I believe that before the service of the plaintiff's writ upon me in the original action, said note had been transferred to said Delano by said Draper for a valuable consideration, and that at the time of the service of said writ upon me said Draper had no claim upon me on account of said note."

The plaintiff thereupon filed additional allegations averring that said note and mortgage had not been assigned to said Delano for a valuable consideration, but were the property of said Draper. The court ruled " that the allegations did not relate to facts not stated or denied in the answer of the defendant, and so excluded proof of the averments as immaterial." The only material question in the case is as to the correctness of this ruling, because both parties concede that, if this ruling is right, the other exceptions alleged in the case are immaterial.

The statute provides that the answers and statements sworn to by a trustee shall be considered as true, in deciding how far he is chargeable, but either party may allege and prove any other facts, not stated nor denied by him, that may be material in deciding that question. Gen. Sts. c. 142, § 11.

It has been repeatedly held that, where a trustee makes a full disclosure and answers all pertinent interrogatories, all facts which he states upon his information and belief are to be taken as true, as well as those which he states upon his own knowledge. *Shaw* v. *Bunker*, 2 Met. 376. *Bostwick* v. *Bass*, 99 Mass. 469. *Fay* v. *Sears*, 111 Mass. 154.

The plaintiff contends that, as these are cases in which there was no claimant before the court, they do not govern the case at bar. But it is clear that the Legislature intended that, in cases in which a claimant appears, the same rule as to the conclusiveness of the trustee's answers should apply, as it is provided

that the claimant can only allege and prove any facts not stated nor denied by the supposed trustee. Gen. Sts. *c.* 142, § 16.

In the case at bar, the defendant took the responsibility of stating under oath, upon his information and belief, that the note in question had been transferred to Delano, for a valuable consideration, before the service of the original writ upon him. If he did this corruptly and in collusion with the claimant, he would be liable to the plaintiff for the full amount of his debt; but it is not competent for the plaintiff, in this suit, to prove that the facts thus stated by the defendant are not true.

The ruling of the Superior Court was therefore correct.

*Exceptions overruled.*

*G. W. Morse & J. C. Lane*, for the plaintiff.
*T. E. Grover*, for the defendant.