DAVID N. MORTLAND *vs.* BERNARD LITTLE & trustee.

Suffolk.   March 11. — June 27, 1884.   DEVENS & COLBURN, JJ., absent.

The defendant in an action brought in the Superior Court by trustee process was defaulted. The case was afterwards left off the docket for non-payment of the clerk's fees. Subsequently the trustee was discharged as of a previous term, without notice to the plaintiff or his attorney. *Held,* no judgment having been entered, that it was in the power of the court to bring forward the case, and to vacate the order discharging the trustee.

If a savings bank, summoned as trustee in a trustee process, answers that it has funds on deposit in the defendant's name as trustee for a third person, and, in answering an interrogatory, states that it has been informed and believes that the fund belongs to the third person, the latter is not precluded from appearing and disclaiming all right to the fund; and, upon a finding that he has no right or interest in the fund, the trustee is properly chargeable.

Two actions brought by different plaintiffs against the same defendant, and in which the same person was summoned as trustee, were pending in court. In the second action no service was made upon the defendant, and he did not appear. The first action was left off the docket for non-payment of the clerk's fees, and the trustee in that action was subsequently discharged as of a previous

term, without notice to the plaintiff. The first action was subsequently restored to the docket, and the order discharging the trustee vacated. *Held*, that the pendency of the second action afforded no ground for not charging the trustee.

TRUSTEE PROCESS. The Emigrant Savings Bank was summoned as trustee. In the Superior Court, the trustee was charged, and appealed to this court. The facts appear in the opinion.

*J. W. O'Brien*, for the trustee.

*J. B. Richardson*, (*F. S. Nickerson* with him,) for the plaintiff.

W. ALLEN, J. Judgment not having been entered, it was within the discretionary power of the Superior Court to order the case to be brought forward upon the docket, and to vacate the entry discharging the trustee, for the reasons set forth in the motion; namely, that the case was left off the docket for non-payment of the clerk's fees, that the trustee was subsequently discharged as of a previous term, without notice to the plaintiff or his attorney of any motion for such discharge, and that they had no knowledge of the discharge until long afterwards. *Lucy* v. *Dowling*, 114 Mass. 92. *Marshall* v. *Merritt*, 103 Mass. 45. *Capen* v. *Stoughton*, 16 Gray, 364. The cases of *Mason* v. *Pearson*, 118 Mass. 61, and *Blanchard* v. *Ferdinand*, 132 Mass. 389, are instances where there had been such a final disposition of a case that the court had no authority to revive it.

The trustee answered, that it had funds on deposit in the name of Bernard Little as trustee for Stephen Little. Whether, upon this answer, with the fact that the depositor, Bernard Little, was the defendant, the trustee could have been charged without citing in Stephen Little, is not material. See *Randall* v. *Way*, 111 Mass. 506. Subsequently, in answering an interrogatory, though not in answer to it, the trustee made the statement that it had been informed and believed that the fund belonged to Stephen Little. It thus appeared that there were funds in the hands of the trustee which belonged either to the defendant or to Stephen Little, and which were claimed by Stephen Little; and he had a right to appear, either voluntarily or upon notice, and defend his right. Gen. Sts. *c.* 142, § 15. *Boylen* v. *Young*, 6 Allen, 582. The ownership of the fund, as between the defendant and a claimant, is not a fact by the assertion

or denial of which the trustee can conclude either the plaintiff or the claimant. It involves inferences and conclusions from facts and of law. *Nutter* v. *Framingham & Lowell Railroad*, 131 Mass. 231. A trustee may know that the fund is claimed by one party or the other, but he cannot know as a fact, and has no authority to determine, the right of that claim; and his statement that the fund belongs to one party cannot amount, in legal effect, to more than that such party is a claimant of it. His statement that it belongs to a defendant cannot preclude a claimant from coming in, and his answer that it belongs to a third person rather than to the defendant, furnishes ground for the plaintiff to have such person summoned in to defend his right. There cannot be a doubt that Stephen Little was properly summoned in, and appeared, as the claimant disclosed in the answer and examination of the trustee.

Having come in, Stephen Little was a party to the suit, so far as his title to the fund was concerned, and the only other party, as concerned that title, was the plaintiff. The trustee had no further concern in the matter. It was a mere stakeholder, and the question whether it was to be charged or discharged depended upon the right to the fund as it should be determined by the result of the proceeding between the claimant and the plaintiff; and, if the claimant failed, on the trial, to establish his right, the trustee would be charged. It seems plainly to follow, that, if a claimant is cited in, and appears and disclaims all right, the judgment should be that he had no right, and, as a consequence, the trustee should be charged. It was, indeed, decided in *Taylor* v. *Collins*, 5 Gray, 50, note, where a claimant appeared on notice, and was defaulted, the trustee's answer having disclosed all the facts of an assignment from the defendant to the claimant, which the court held to be valid, that the trustee should be discharged. It is needless to consider what grounds that decision rests upon, because in this case the claimant was not defaulted, but appeared and made answer, and remained in the case until it was finally disposed of as to him by the finding of the court that he had no claim or interest in the fund. That finding was certainly warranted by the answer and disclaimer of the claimant, and the trustee was properly charged.

The plaintiff filed several allegations before the claimant was summoned in; but we do not consider them material upon the only question made, — the ownership of the fund. That question was determined in the proceeding to which the plaintiff and Stephen Little were parties. The only difficulty in the case arises from mixing in the record distinct and in some respects inconsistent proceedings. The allegations filed under the statute by either the plaintiff or the trustee, in the proceeding between them, are not connected with the new proceeding between the claimant and the plaintiff, which is distinct from, though auxiliary and subsidiary to, the proceeding between the plaintiff and the trustee. The latter proceeding, between the claimant and the plaintiff, was first authorized by the St. of 1817, c. 148, and continued nearly twenty years before the other proceeding — the filing of allegations between the plaintiff and the trustee — was introduced into the Revised Statutes, which also greatly enlarged the right of a claimant to appear. A comparison of these statutes, and a consideration of the decisions under them, are not necessary to this discussion.

The case of *Clinton National Bank* v. *Bright*, 126 Mass. 535, was upon the right of a plaintiff to file additional allegations denying a fact stated by the trustee. That was a proceeding between the plaintiff and the trustee. After the claimant had been admitted, the trustee filed an additional answer, stating that the assignment to the claimant was for a valuable consideration. It was held that the plaintiff could not file an additional allegation denying this statement. In the case at bar, the question is not concerning an additional allegation offered by a plaintiff, nor even whether a claimant who has come in on notice is forbidden to deny a particular fact stated by the trustee, but whether he is prevented from disclaiming any right to the fund because the trustee has stated that it had been informed, and believed, that the fund belonged to the claimant.

The fact that, nearly four and a half years before the trustee was charged, it had been summoned as trustee of the defendant at the suit of another plaintiff in a writ which was entered in court, but not served upon the defendant, and to which he never appeared, does not show such an intervening right as to vacate the attachment.                                        *Trustee charged.*