QUINCY A. SEWARD vs. GILBERT W. ARMS & trustee.

Hampshire. Sept. 20. — Oct. 20, 1887. C. ALLEN & HOLMES, JJ., absent.

In a trustee process, if it appears from the trustee's answers that the trustee owes for washing done by the wife of the defendant under a contract made by the trustee with him, and that the trustee is informed and believes that the defendant, in making the contract, acted as the agent of his wife, and the plaintiff rests his case wholly upon the trustee's answers, the trustee is rightly discharged.

TRUSTEE PROCESS. Smith College, a corporation duly established by law in this Commonwealth, was summoned as trustee of the principal defendant. The material parts of the trustee's answers appear in the opinion. The Superior Court discharged the trustee; and the plaintiff appealed to this court.

*C. G. Delano*, for the plaintiff.

*W. G. Bassett*, for the trustee.

FIELD, J. To charge the corporation, which is the alleged trustee in this case, it must affirmatively appear from its answers that it has credits of the defendant in its hands. *Porter* v. *Stevens*, 9 Cush. 530. It appears from these answers that the trustee is indebted for washing done by the wife of the defendant; that the contract for the washing was made by it with the defendant; but that it is informed and believes that the defendant, in making the contract, acted as the agent of his wife, and that it understands that the indebtedness is to the wife. By the Pub. Sts. c. 147, § 4, this work of doing washing by the wife for a person other than her husband and

children must, "unless there is an express agreement on her part to the contrary, be presumed to be performed on her separate account." It may be, that, if the trustee and the defendant agreed together that the defendant should have this washing done, and the husband employed his wife to do it, this would tend to show that she was working for her husband, and that the trustee was indebted to the husband. But the answers of the trustee, upon information and belief, that the husband, in making the contract, acted as agent of the wife, must, in the absence of any other evidence, be taken to be true. *Fay* v. *Sears*, 111 Mass. 154, 156. *Clinton National Bank* v. *Bright*, 126 Mass. 535.

The question does not arise whether the plaintiff might not have alleged and proved that the defendant made the contract on his own account, Pub. Sts. *c.* 183, § 17, or whether the wife might not have been summoned in as a claimant, and this issue tried upon evidence produced by the plaintiff and the claimant. The plaintiff rested his case against the trustee wholly upon its answers. See *Mortland* v. *Little*, 137 Mass. 339; *Sheehan* v. *Marston*, 132 Mass. 161. The judgment discharging the trustee must be                                            *Affirmed.*