### Q. J. Chott v. Tivoli Amusement Company, for use, etc.

### Q. J. Chott v. Tivoli Amusement Company, et al.

#### Gen. Nos. 11,124 and 11,125. (Consolidated.)

1. ASSIGNMENT—*when garnishee cannot rely upon.* A garnishee cannot rely upon an assignment as a defense, where the assignee files a disclaimer of interest thereunder.

2. CORPORATE RECORD—*what competent as.* The minutes of a stockholders' meeting, written upon a sheet of paper, signed by the secretary and bearing the initials of the president of the corporation, are competent, where it does not appear that they were ever transcribed in a record book.

Garnishment proceeding, etc. Appeals from the Circuit Court of Cook County; the Hon. John Gibbons, Judge, and the Hon. Abner Smith, Judge, respectively, presiding. Heard in the Branch Appellate Court at the March term, 1903. Affirmed. Opinion filed May 17, 1904.

**Statement by the Court.** Q. J. Chott subscribed for $2,500 of the $20,000 capital stock of the Tivoli Amusement Company and paid but $2,000 upon such subscription.

Allyn W. Thurston recovered a judgment by confession against the company for $550, issued execution thereon and upon a return of *nulla bona,* began proceedings in garnish-

ment against Chott to subject to the payment of his judg-
ment, the amount due from Chott upon his stock subscrip-
tion. He recovered a judgment for $500 against Chott, which
was reversed, upon the sole ground that it was stated in
the answer of Chott, as garnishee, that his stock subscrip-
tion has been assigned by the Tivoli Company to one Mor-
ganroth, who was not made a party to the garnishment
suit. Chott v. Tivoli Amusement Co., 82 Ill. App. 244.
The cause was remanded to and redocketed in the Circuit
Court and Morganroth then filed in that court a disclaimer
of any interest in the stock subscription of Chott. Chott
then filed in the Circuit Court his bill in equity to restrain
the prosecution of the garnishment suit and obtained a
temporary injunction. The order for an injunction was
reversed in this court. Thurston v. Chott, 86 Ill. App. 543.
A jury was waived in the garnishment suit and by stipula-
tion that suit was heard with the chancery cause, and upon
the same evidence. There was a finding and judgment in
the garnishment suit against Chott for $500, the amount
due on his stock subscription, and his bill was dismissed for
want of equity and from the judgment and decree the pres-
ent appeals are prosecuted.

PECK, MILLER & STARR, GEORGE A. MILLER and CHARLES
J. FAULKNER, JR., for appellant.

NEWMAN, NORTHRUP, LEVINSON & BECKER, for appellees.

MR. JUSTICE BAKER delivered the opinion of the court.

We think the Circuit Court properly found that there
was no agreement with Chott for the purchase of his stock,
made by Thurston, or by Thurston, Hirsch and Morgan-
roth.

In the face of the formal disclaimer by Morganroth of
any interest or right to the money due from Chott to the
Tivoli Company upon his stock subscription, Chott cannot
assert as a defense to this suit, brought in the name of the
Tivoli Company for the amount due on such subscription,
that the money due thereon, is due to Morganroth and not

to the Tivoli Company. Mortland v. Little, 137 Mass. 339; Chott v. Tivoli Amusement Co., *supra*.

The court upon the evidence properly admitted the record, written upon a sheet of paper, of the minutes of the meeting of the stockholders of the Tivoli Company held September 3, 1896. The record was signed by the secretary and bore the initials of the president. It was not shown that the record of the meeting was ever transcribed into a book.

It is claimed by appellant that the judgment in favor of Thurston was fraudulent; but the evidence shows that it was rendered upon a note for $500 given by the company for that amount of money loaned by Thurston to the company.

It is also claimed that the sale of the property of the Tivoli Company to Morganroth was fraudulent and that therefore the title to the property sold remained in the company and was subject to levy and sale on the execution issued on the Thurston judgment. This contention is not sustained by the evidence. The bill of sale recites a consideration of $8,979.79 and to it is attached the covenant of Morganroth to pay certain specified claims against the company amounting in the aggregate to that sum.

Hirsch, Thurston, Chott and Morganroth originally subscribed for all the stock of the Tivoli Company; the first three for twenty-five shares each, Morganroth for one hundred shares. Hirsch, Thurston and Morganroth paid their subscriptions in full, Chott still owes $500 upon his subscription. Morganroth purchased at par the stock of Hirsch and Thurston and gave his note therefor and offered to buy of Chott his stock upon the same terms. It is clear that the company at the time of the sale to Morganroth was insolvent and unable to continue in business. The receipts of the theatre were much less than the expenses. The company was in debt for rent, for supplies, for wages, to the amount of nearly $9,000 and was without funds. There is nothing in the record to show that the sale to Morganroth was not made in good faith under the honest belief that such sale

was for the best interest of both the creditors and the stockholders. We find in the facts of the case neither ground for the interposition of a court of equity to prevent Thurston enforcing, by proceedings in garnishment, the promise and obligation of Chott to pay in full his stock subscription, nor sufficient legal grounds for the reversal of the judgment against him upon that subscription.

The judgment of the Circuit Court in case number 11,124 will be affirmed and the decree of that court in number 11,125 will also be affirmed.

*Affirmed.*