EASTERN FUR AND SKIN COMPANY *vs.* HENRY STERNFELD & others, TRADESMEN'S NATIONAL BANK, claimant.

Suffolk.     March 11, 1919. — June 19, 1919.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Trustee Process,* Rights of claimant.

After a warehouse corporation, which was an alleged trustee in an action of contract against a non-resident defendant upon whom no service was made, had answered, denying that it had goods, effects or credits of the defendant in its hands or possession at the time of service of the writ upon it, interrogatories were propounded to it by the plaintiff, in answers to which it disclosed that, a few hours before the service of the writ upon it, goods of the defendant were transferred by it upon

the defendant's order to a certain bank. Three months later the bank filed a petition to be admitted as a party claimant which was allowed on the same day, and also on the same day filed a motion that the trustee be discharged. The motion was heard upon the pleadings, the interrogatories and the answers thereto and, nineteen days after it was filed, was allowed and the trustee was discharged. The plaintiff alleged exceptions and appealed. *Held,* that the claimant rightly was permitted to move that the trustee be discharged.

It appeared that the answers of the alleged trustee, above described, were based somewhat upon hearsay and upon information and belief. The plaintiff did not seek to introduce further evidence. *Held,* that, although facts stated in answers to the interrogatories upon information and belief did not bind the plaintiff nor preclude him from showing their falsity, such answers were entitled to consideration and that, in the absence of any evidence to contradict them, the trustee properly was discharged.

CONTRACT, begun by trustee process against non-residents, upon whom no personal service was made. Among other alleged trustees was the Lynn Storage Warehouse Company. Writ dated October 4, 1917.

The answers of the Lynn Storage Warehouse Company to interrogatories propounded by the plaintiff, described in the opinion, were filed on January 12, 1918. On April 18, 1918, a petition of the Tradesmen's National Bank to be admitted as a party claimant, was filed and allowed. A motion by the claimant, that the trustee Lynn Storage Warehouse Company be discharged, also was filed on April 18, 1918, was heard by *Wait,* J., upon the pleadings and the interrogatories and the answers thereto, and was allowed on May 7, 1918: The plaintiff alleged exceptions, and appealed.

*L. A. Mayberry,* (*J. A. Locke* with him,) for the plaintiff.

*R. G. Dodge,* for the claimant.

RUGG, C. J. This is an action of contract. The defendants are non-residents, upon whom no personal service has been made. The Lynn Storage Warehouse Company amongst others was summoned as trustee. It filed an answer to the effect that it had no goods, effects or credits of the principal defendants in its hands at the time of the service of the writ. It answered certain interrogatories propounded by the plaintiff. Thereafter the Tradesmen's National Bank of Philadelphia was admitted as a claimant, in its own right and adversely to the plaintiff, to certain goatskins in the hands of the warehouse company.

The answers to interrogatories showed that the principal de-

fendants stored with the warehouse company certain goatskins
in July, 1917, and non-negotiable warehouse receipts were issued
to them; that "About noon on Oct. 4, 1917, somebody purport-
ing to act for Sternfeld, Weil and Company [the defendants] re-
quested that receipts for the lots of goatskins heretofore referred
to, be sent to the Tradesmen's National Bank of Philadelphia,
and upon being informed that the warehouse would not do this
until the outstanding receipts had been surrendered, an appoint-
ment was made to meet D. J. Monaghan, manager of the ware-
house at 1:15 P. M.   The appointment was kept at 1:15 P. M."
"An agent purporting to come from Sternfeld, Weil and Company
surrendered the receipts saying that the skins represented thereby
were transferred to the Tradesmen's National Bank of Philadel-
phia, and requested warehouse receipts covering such goatskins
be issued to said Tradesmen's National Bank of Philadelphia;"
that new warehouse receipts in the name of the Tradesmen's
National Bank were issued and it has paid storage charges to the
warehouse company.   The precept in the present action was
served upon the warehouse company as an alleged trustee at fifty
minutes past four o'clock on the afternoon of the same day.   The
bank as claimant moved that the warehouse company be dis-
charged as trustee.   No evidence was introduced by any party
except the trustee's answer and its answers to interrogatories and
the case was heard on these alone.

The alleged trustee rightly called the attention of the court to
the claim of the bank to the property in question.   It was proper
to admit the bank as a claimant.   *Wardle* v. *Briggs*, 131 Mass.
518.   The alleged trustee is merely a stakeholder and has no fur-
ther interest in the proceeding, when once the plaintiff and all the
claimants are before the court, except to see that he is put in no
worse position by reason of the trustee proceeding than he would
have been if it had not been instituted.   *Cavanaugh* v. *Merrimac
Hat Co.* 213 Mass. 384.

The claimant rightly was permitted to move that the trustee be
discharged on its answers.   A claimant is not precluded from
showing that there is no fund in the hands of the alleged trustee.
This point is settled by *Wilde* v. *Mahaney*, 183 Mass. 455, where
earlier cases are reviewed.

On the answers of the trustee, it was discharged rightly.   Its

answers were based somewhat upon hearsay, upon information and belief. Such answers when made fairly are entitled to consideration in a proceeding like the present. *Fay* v. *Sears,* 111 Mass. 154, 156. *Seward* v. *Arms,* 145 Mass. 195. *Cox* v. *Central Vermont Railroad,* 187 Mass. 596, 602. Statements by the trustee merely upon information and belief do not bind the plaintiff, or prohibit him from showing the facts. *Mortland* v. *Little,* 137 Mass. 339, 341. The plaintiff did not seek to introduce further evidence on the point whether the apparent transfer of the goatskins to the claimant was colorable or genuine. In the absence of any evidence beside that which was disclosed by the answers of the trustee, the trustee ought to have been discharged. *Jordan Marsh Co.* v. *Hale,* 219 Mass. 495. Manifestly there are numerous legitimate transactions whereby the bank might have become the owner of the property, even though not retaining all the while the possession of it. *Peoples National Bank* v. *Mulholland,* 224 Mass. 448, 451; *S. C.* 228 Mass. 152, 155, and cases collected.

*Exceptions overruled.*
*Order discharging trustee affirmed.*