DAVID FEINBURG COMPANY *vs.* JOSEPH CHALFIN & Co., INC.

Suffolk. May 23, 1929. — June 27, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Trustee Process. Practice, Civil,* Jury claim, Exceptions. *Waiver.*

In an action commenced by trustee process, a claimant appeared and claimed funds admitted by the trustee to be in his hands. At the outset of a hearing on a motion by the claimant to discharge the trustee, the plaintiff orally requested a trial by jury of the issue, whether the claimant was entitled to such funds. The request was denied. No

exception was saved. At the close of the evidence received by the judge at the hearing, the plaintiff presented and the judge denied a request for a ruling that there were issues to be determined by a jury, the plaintiff requesting a trial by jury of the issues. The plaintiff saved an exception to such refusal. *Held*, that,

(1) Even if the plaintiff was entitled to claim a trial by jury orally at the beginning of the hearing, which was not decided, he waived any right to have jury issues framed by his failure to save an exception at that time and proceeding with the hearing;

(2) The exception saved at the close of the hearing came too late.

CONTRACT OR TORT. Writ dated March 17, 1928.

Proceedings in the Superior Court before *Bishop*, J., are described in the opinion. The plaintiff's first request was as follows: "The court should rule, on account of the answers of the trustees, and also on account of the adverse claims of the plaintiff and the claimant for the funds in the hands and possession of the trustees, that there are issues to be presented to and determined by a jury, and the plaintiff requests this honorable court that this matter be referred to a jury for a full trial upon the issues."

The trustees were discharged on motion by the claimant. The plaintiff alleged exceptions.

*M. Kabatznick*, for the plaintiff.

*J. J. Silverman*, for the claimant.

SANDERSON, J. This is an action of contract or tort begun by trustee process. The two trustees filed answers admitting funds in their hands which had been assigned by the defendant to Solomon Fillin, doing business as Chromos Trading Company, who was admitted as a party claimant in the action, and filed a motion to discharge both trustees upon their answers. The trustees severally received notices of the assignment from the defendant and from the claimant. The defendant was not served and never appeared. The plaintiff filed interrogatories to the claimant which were duly answered.

The motion to discharge the trustees was filed October 25, 1928, and was set down for hearing November 9, 1928. At the time of the hearing the plaintiff's counsel orally requested a jury trial on the issue whether the claimant was entitled to the funds in the hands and possession of the trustees. No formal claim or motion for jury trial was then filed. The

plaintiff's counsel also asked for further time to present evidence. Both requests were refused. The case was heard upon the trustees' answers, the claimant's answers to the plaintiff's interrogatories, photostatic copies of bills for merchandise sold by the principal defendant to the trustees and copies of the assignments of those bills to the claimant. The plaintiff offered no evidence, but its counsel stated that the plaintiff was prepared to offer evidence that the defendant said that the claimant was charging the defendant exorbitant rates of interest on loans. The bill of exceptions discloses that before the argument the plaintiff presented certain requests for rulings embodying the jury claim, as well as other requests. The judge stated that he denied the first, as no jury claim had been filed. He also stated the rulings made on other requests.

The refusal to grant the request made at the close of the evidence was the only ruling concerning jury issues to which the plaintiff saved an exception. If we assume that the plaintiff had a right by oral request to make a claim for jury issues at the time assigned for hearing (G. L. c. 246, §§ 16, 17, 33, *Hubbard* v. *Lamburn*, 189 Mass. 296), it saved no exception to the refusal of the judge to grant this request, but went to trial on the merits before the judge. By so doing it waived any right to have jury issues framed. A request made at the close of the evidence comes too late, and the plaintiff cannot thereby revive a lost right or properly raise the question of a right to have jury issues framed.

No exception was saved to the refusal of the judge to grant the plaintiff further time for presenting evidence, and the plaintiff has failed to show any error of law in the action of the judge on this matter.

No prejudicial error is shown by the refusal of the judge to grant any of the requests for rulings which have been argued.

*Exceptions overruled.*