MATTHEW CUMMINGS CO. *vs.* STEVE GRANDE;
PASQUALE MUCCI, claimant.

Suffolk.     October 6, 1932. — January 23, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Trustee Process. Practice, Civil,* Auditor: reference; Exceptions.

In an action brought by trustee process, it *was assumed* that the Superior Court, for determination of a claim to funds with respect to which the alleged trustee in his answer had made an extended statement of facts concluding with an allegation that on the date of service a certain sum was due from him to the defendant, had power to refer to an auditor the question of the truth of any material facts not set up in the trustee's answer.

A claimant to funds in the hands of one summoned as trustee in trustee process has a right to raise the question, whether anything was due absolutely and without contingency from the trustee to the defendant at the moment of service upon the trustee; but he is bound by facts alleged by the trustee in his answer and cannot contradict them by evidence.

While it was error to permit a claimant, in the circumstances above described, to contradict facts alleged by the trustee in his answer, it was *held* that the claimant, on exceptions to an order of the court charging the trustee in an amount admitted by him in his answer to be due from him to the defendant, could not complain of the error.

At the hearing of the claim above described, the claimant contended that a certain claim of the trustee against the defendant should be set off against the claim of the defendant against the trustee; but, it appearing that the defendant and the trustee had adjusted their differences about six months before an assignment by the defendant which was the basis of the claim of the claimant, it was *held*, that the question of such offset was immaterial.

CONTRACT, with a writ in trustee process dated November 27, 1929.

The case came on for hearing in the Superior Court of a claim to funds in the hands of the trustee and was referred to an auditor. Material facts appearing in the pleadings and in the report of the auditor are stated in the opinion. After a hearing by *F. T. Hammond,* J., an ordered was entered charging the trustee. The claimant alleged exceptions.

*H. Bergson,* for the claimant.

*J. Schneider,* (*L. J. Kowal* with him,) for the plaintiff.

WAIT, J.   This is a bill of exceptions filed by a claimant in a trustee process in which, on November 29, 1929, John B. Dolan was summoned as one of the trustees named in an action of contract brought by Matthew Cummings Co. against Steve Grande.   Dolan filed an answer in which he admitted that at the time of the service upon him he held $2,260 due to Grande.   The plaintiff on September 10, 1930, recovered a verdict against Grande.   On November 21, 1930, Dolan filed, by permission of court, an amended answer in which he stated in substance as follows: About July 10, 1929, he entered into a contract with Grande by which the latter agreed to do all the brick, mason and tile work on a building for which Dolan was the general contractor.   For this work complete Grande was to be paid $11,500, and, as the work progressed, on the tenth or fifteenth of the following month he was to receive eighty-five per cent for the work done in the preceding month. Grande had received this eighty-five per cent at irregular times.   On the date of service there was due and payable to Grande $285 and "there was due absolutely and without any contingency the sum of $1,725, which sum was not payable however for sixty-one days."   The fifteen per cent remaining was to be held for a period of sixty-one days after Grande finished his work.   "Grandi continuously kept working down to November 29, 1929, . . . at that time Grandi finished his work under the contract."   The "trustee knew and believed all the work contracted for by Grandi was complete and finished on this date and the surplus over $1,725 was due and payable to Grandi."   At a later date on demand of Grande, and by consent of the plaintiff's attorney, he paid Grande $300, leaving, by an account minuted on the check given Grande, a balance of $2,210 of the contract price.   Still later the trustee found that a wall which he claimed Grande should have put up had not been done, and, on his insistence, Grande did put up the wall "during the week or two following the receipt of the last $200."   The only other work done by Grande after the

service of the writ was some extras for which it was agreed $50 was a fair price. At the date of service "if the court shall decide that the fair price of the wall was due also then $200 more was due and payable." The trustee on or about May 16, 1930, received notice that one Mucci (the claimant) claimed to be owner of any goods, effects or credits belonging to Grande by assignment of even date.

On May 17, 1930, the claimant intervened, setting out that Grande did not finish his contract until January 10, 1930, but between November 29, 1929, and January 10, 1930, expended $1,755.21 for completion, and alleging that on November 29, Dolan had counter claims of $454. He contended that at the time of service there were no funds attachable in Dolan's hands, and that the trustee should be discharged.

After the verdict, the case was referred to an auditor "to hear the parties and find the facts raised by the claimant's answer"; his finding of facts to be final. The auditor submitted a report in which he found, in addition to what has been stated, that the assignment to Mucci was made for value on May 16, 1930, of all moneys due Grande from Dolan on the contract; that after the service Dolan accepted $200 from Grande in full settlement of Dolan's claims against Grande for matters outside the contract. Dolan testified that on November 29, he honestly believed the contract to be completed, and, if he had known of the wall matter, he would have trusted Grande to supply the labor and would have treated the contract as completed. The auditor found that the omission was made good between the parties at some time prior to November 29, that the contract was finished on November 29, and no work was supplied thereafter; that there was then due $760 on December 10 or 15 (eighty-five per cent on work in November), and absolutely due $1,750 not payable for sixty-one days. He found Dolan should be charged in $2,210.

The plaintiff, thereupon, moved that the trustee be charged, and that the claimant's claim be discharged. The claimant moved that the report be recommitted for reasons based on findings contended to be in contradiction of other

findings, of the trustee's answer, or of the law with regard to set-off (G. L. [Ter. Ed.] c. 246, § 26). The claimant's motion was denied, and rulings requested by him were refused. The plaintiff's motions were granted and the trustee was charged in $2,210.

We assume that the Superior Court had power to refer to an auditor the question of the truth of any material facts not set up in the trustee's answers. The claimant had a right to challenge whether anything was due absolutely and without contingency from the trustee to the defendant at the moment of service upon the trustee. *S. S. Pierce Co.* v. *Fiske,* 237 Mass. 39, 42. *Eastern Fur & Skin Co.* v. *Sternfeld,* 233 Mass. 210. *Wilde* v. *Mahaney,* 183 Mass. 455. But he was bound, as much as the plaintiff would be, by the allegation of facts made by the trustee in his answers. *Cox* v. *Central Vermont Railroad,* 187 Mass. 596. *Seward* v. *Arms,* 145 Mass. 195. *Fay* v. *Sears,* 111 Mass. 154. He could not contradict them by evidence. By G. L. (Ter. Ed.) c. 246, § 16, "The answer and statements of a trustee, on oath, shall be considered as true in determining how far he is chargeable." The right of other parties is to "allege and prove any facts material in determining such question and not stated or denied by the trustee." In the case before us, apparently, the claimant was permitted to contradict the trustee's allegations. This was error; but the claimant cannot complain of it. The answers admitted a definite sum to be absolutely due though not immediately payable on the day of service. The trustee alleged performance of the contract to be complete. On the face of the answer the trustee was chargeable. No other fact, not covered by allegations of fact made in the trustee's answers, appeared to qualify his liability.

Under the rule appointing him the auditor's findings of fact were to be final. On those findings the contract between Grande and Dolan was complete on November 29, and money to the extent found was absolutely due though not then payable. We find nothing self-contradictory in the findings. They are controlling. The contentions made by

the claimant all depend on the claim that the contract was not completely performed at the moment of service on the trustee. That claim fails because unfounded in fact.

The refusal to recommit was not error. The judge had discretion to grant or deny it. Very clearly the discretion was not abused.

Whether or not the trustee could offset demands due him was immaterial. The finding that the trustee and defendant had disposed of the claims before the claimant obtained his assignment settled that matter. The claimant got only what Grande had on the day he assigned. If before then he had released or disposed of possible claims, the assignee did not take them. This consideration renders the matter of the unfinished wall also unimportant. The claimant derived his rights such as they were from the defendant, not from plaintiff or trustee, and as they were on May 16, 1930, not as they might have been on November 29, 1929. No one had greater rights than the defendant at the moment of service, but such rights as were left him on May 16, 1930, on the evidence, were less than he had on November 29, 1929, and it was those lesser rights only which he could assign in May, 1930.

There is no reversible error.

*Exceptions overruled.*