MUSOLINO, LoCONTE Co. *vs.* GIACOMO COSTA.

Suffolk.    March 8, 1939. — October 28, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Trustee Process.*

A plaintiff in an action in trustee process has a right to file and to prove at a trial allegations of fact contradicting statements made by the alleged trustee in his answer on oath but merely on information and belief.

CONTRACT.   Writ in the Superior Court dated September 27, 1937.

Motions by The First National Bank of Boston, alleged trustee, that it be discharged as trustee, and that papers entitled respectively "Plaintiff's allegations" and "Plaintiff's additional allegations of material facts not stated or denied by the alleged trustee" be struck "from the docket and the records," were heard and denied by *J. W. Morton*, J.,

who thereupon, being of opinion that, before further proceedings, this court should determine "whether, in view of the answers of the alleged trustee," the Superior Court "had any jurisdiction whatsoever," reported his denial of the motions.

*W. Malcolm & S. Frank*, of New York, (*C. C. Mitchell* with them,) for The First National Bank of Boston.

*P. B. Buzzell*, for the plaintiff.

LUMMUS, J.   This is an action of contract by a Massachusetts corporation against a resident of Genoa in Italy. The First National Bank of Boston was summoned as trustee of the goods, effects and credits of the defendant. The trustee answered under the penalties of perjury (G. L. [Ter. Ed.] c. 4, § 6, Sixth; c. 268, § 1A; c. 246, § 11) that at the time of the service upon it, it had no goods, effects or credits of the defendant in its hands, possession or control, unless it is chargeable by reason of certain facts set forth in the answer.

Those facts were stated merely upon information and belief, and were in substance as follows: The defendant, on July 2, 1937, drew a draft payable to himself for $9,774.80 on the plaintiff, and delivered it to Banco di Roma in Genoa, Italy, with an indorsement making the draft payable to the order of the latter, together with a set of bills of lading to order, indorsed in blank, for goods which were being shipped by the defendant to the plaintiff. Banco di Roma discounted the draft, placed the net proceeds to the dollar account of the defendant, and then sent the draft and the bills of lading to Chase National Bank in New York, with the request that the draft, when accepted, be delivered to the representative of Banco di Roma in New York, since it belonged to Banco di Roma. The plaintiff accepted the draft, and thereby obtained delivery of the goods represented by the bills of lading. The representative of Banco di Roma in New York sent the accepted draft to The First National Bank of Boston with instructions to collect the draft at maturity and to credit the proceeds to the account of the main office of Banco di Roma at Rome, Italy. At the maturity of the draft on September 27, 1937, the plaintiff paid the draft to The First National Bank of Boston, which

had the proceeds on hand when the trustee writ was served on it on the same day. Further service upon the trustee was made upon a special precept on November 19, 1937, when the trustee still held the proceeds. After the return day of the writ notices were issued to the defendant Costa, and to Banco di Roma as an adverse claimant, but the record does not show that either appeared.

The plaintiff, recognizing that by our statute "the answer and statements of a trustee, on oath, shall be considered as true in determining how far he is chargeable" (G. L. [Ter. Ed.] c. 246, § 16; *Phillips* v. *Meagher*, 166 Mass. 152; *Matthew Cummings Co.* v. *Grande*, 281 Mass. 546, 549; *Kolda* v. *National-Ben Franklin Fire Ins. Co.* 290 Mass. 182, 187, 188), and not wishing to examine the trustee by written interrogatories under G. L. (Ter. Ed.) c. 246, §§ 12, 13, 15, alleged what it contends are "facts material in determining such question [of chargeability] and not stated or denied by the trustee." § 16. The allegations so made are fifteen in number, and in effect are that the draft and its proceeds are the property of the defendant, and that Banco di Roma is only his agent for collection. Those allegations do contradict statements of fact made by the trustee in its answer, but those statements were made only upon information and belief.

The correlate of the conclusiveness of the answers of the trustee is the remedy in tort given to the plaintiff against a trustee who "knowingly and wilfully swears falsely in his answer or upon his examination." G. L. (Ter. Ed.) c. 246, § 19. That remedy would be of little avail against a trustee who had made an answer merely upon information and belief. True, such an answer may be made, and in the absence of qualification upon examination by interrogatories (*Shaw* v. *Bunker*, 2 Met. 376, 380; *Nutter* v. *Framingham & Lowell Railroad*, 131 Mass. 231; *MacAusland* v. *Taylor*, 220 Mass. 265; *Dunham Brothers Co.* v. *Gordon*, 289 Mass. 502), or of contradiction by allegation and proof of the true facts, such an answer will be conclusive. *Crossman* v. *Crossman*, 21 Pick. 21, 23, 24. *Shaw* v. *Bunker*, 2 Met. 376, 380. *Fay* v. *Sears*, 111 Mass. 154. *Seward* v. *Arms*, 145 Mass. 195.

*Cox* v. *Central Vermont Railroad*, 187 Mass. 596, 602. *Eastern Fur & Skin Co.* v. *Sternfeld*, 233 Mass. 210, 212, 213. *Krogman* v. *Rice Brothers Co.* 241 Mass. 295, 301. But an answer upon information and belief does not prevent contradiction by allegation and proof. In *Eastern Fur & Skin Co.* v. *Sternfeld*, 233 Mass. 210, 213, Rugg, C.J., said, "Statements by the trustee merely upon information and belief do not bind the plaintiff, or prohibit him from showing the facts. *Mortland* v. *Little*, 137 Mass. 339, 341." So far as *Bostwick* v. *Bass*, 99 Mass. 469, and *First National Bank of Clinton* v. *Bright*, 126 Mass. 535, may be inconsistent with the proposition just quoted, they must be regarded as no longer law.

The judge was right in refusing to strike out the plaintiff's fifteen allegations of fact. He took no action upon the motion for trial by jury of those allegations, and consequently the question whether jury trial might be denied is not presented by the report. G. L. (Ter. Ed.) c. 246, § 17. *Hubbard* v. *Lamburn*, 189 Mass. 296. *David Feinburg Co.* v. *Joseph Chalfin & Co. Inc.* 268 Mass. 199.

We have no need to review the action of the judge in granting or denying various rulings of law requested by the trustee, consisting chiefly of abstract propositions, possibly correct, about trustee process. What the judge did, was right, as we have decided. The correctness of what he did is not impaired by anything he said in response to the requests for rulings. His rulings at this stage will have no effect upon his action or that of some other judge when the case comes on for hearing upon the trial of the allegations of fact or upon a subsequent motion to charge the trustee. *Parrot* v. *Mexican Central Railway*, 207 Mass. 184, 190. *Calder* v. *Haynes*, 7 Allen, 387. The orders upon the several motions are affirmed.

*So ordered.*