Riley, J.
The questions raised by the Report in this ease are the correctness of the trial judge’s allowance of the motion to charge the trustee and his denial of certain Requests for Rulings filed by the Adverse Claimant. It is an action of contract in which the Insurance Company of North America is named as trustee of the principal defendant, who was- defaulted. The Springfield National Bank appeared as an adverse claimant for the funds in the possession of the alleged trustee.
The writ was served on the Trustee on March 15, 1939. The material parts of the Trustee’s answer are as follows:
“Now comes Insurance Company of North America, alleged trustee, and says that at the time of the service of the plaintiff’s writ upon it it had previously issued to the defendant Fisher Bros., Inc. one of its policies of fire insurance #872117 whereby, subject to the terms and conditions therein set forth, it insured the said de *429 fendant against loss and damage described in said policy ; to wit, Item 1. On building $1000.00; Item 2. On stock $500.00.
“That said policy contained a clause as follows: ‘Loss, if any, on real estate payable to Springfield National Bank.’
‘ ‘ That on March 4th, 1939 it is alleged a fire occurred which resulted according to the claim of the assured in loss and damage to the property described in said policy.
“That on March 6th, 1939 your alleged trustee offered to the defendant the sum of Thirteen Hundred dollars in settlement of said loss, said sum of Thirteen Hundred dollars being apportioned as follows; to wit, Eight Hundred dollars on the building, and Five Hundred dollars on the stock; that said offer was accepted by the defendant on March 16th, 1939, and subsequent thereto due proofs of loss were signed by the defendant, and your alleged trustee now has the sum of Thirteen Hundred dollars payable to the defendant in accordance with the terms of said policy and the Statutes of said Commonwealth.
“That your alleged trustee owing to the claim of the Springfield National Bank ... is uncertain as to whom payment should be made.”
The adverse claimant alleged that it was entitled under the terms of the policy to the proceeds thereof, payable on account of loss to the real estate and the plaintiff has waived any claim to so much of the proceeds of the policy as were payable on that account. The adverse claimant also alleged that the proceeds of the policy payable on account of loss *430 to personal property had been assigned to it by the defendant by assignment dated April 22, 1939, and that there was not at the time of the service of the writ upon the trustee a liquidated sum of money or any other thing due from the trustee absolutely and without contingency.
The plaintiff moved that the trustee be charged. This motion was heard on the trustee’s answer, the policy of fire insurance referred to in the trustee’s answer and the assignment under which the adverse claimant claims, the due execution of which was conceded by the plaintiff in open court.
The policy was in the standard form provided for by General Laws (Ter. Ed.) Ch. 175, sec. 99 and contained the following provisions:
“In case of any loss or damage under this policy, a STATEMENT in writing, signed and sworn to by the insured, shall be .forthwith rendered to the company, setting forth the value of the property insured, the interest of the insured therein, all other insurance thereon, in detail, the purposes for which the persons by whom the building insured, or containing the property insured, was used, and the time at which and manner in which the fire originated, so far as known to the insured.
“In case of any loss or damage, the company, within sixty days after the insured shall have submitted a statement, as provided in the preceding clause, shall either pay the amount for which it shall be liable, which amount if not' agreed upon shall be ascertained by award of referees as hereinafter provided, or replace the property with other of the same kind and goodness, —or it may, within fifteen days after such statement is submitted, notify the insured of its intention to rebuild or repair the premises, or any portion thereof separately insured by this policy, and shall thereupon enter upon said premises and proceed to rebuild or repair the same with reasonable expedition.
*431 “In case of loss under this policy and a failure of the parties to agree as to the amount of loss, it is mutually agreed that the amount of such loss shall be referred to three disinterested men, the company and the insured each choosing one out of three persons to be named by the other, and the third being selected by the two so chosen; the award in writing by a majority of the referees shall be conclusive and final upon the parties as to the amount of loss or damage, and such reference unless waived by the parties shall be a condition precedent to any right of action in law or equity or recover for such loss; . .
The trial judge allowed the plaintiff’s motion to charge the trustee and denied the following Requests for Rulings filed by the Adverse Claimant:
1. On the trustee’s answer and upon all the facts agreed upon, the trustee must be discharged.
2. If at the time of the service of the plaintiff’s writ upon the alleged trustee the alleged trustee and the defendant had not agreed upon the amounts of the loss suffered by the defendant by reason of fire, the trustee must be discharged.
3. A claim for an unliquidated amount is not subject to attachment by trustee process even though something eventually will be found to be due from the alleged trustee.
The claimant’s right to contest the motion to charge the trustee is properly conceded. Wilde vs. Mahaney, 183 Mass. 455. All the salient facts in the case are contained in the trustee’s answer. As no interrogatories were filed and no contradiction of the answer appears, the facts therein set out are conclusive, although the answer is made upon information and belief by the trustee. Musolina, LoConte Co. vs. Costa, 304 Mass. 253.
*432 From this answer it appears that the policy of fire insurance was issued by the trustee to the defendant covering certain real estate and personal property owned by it prior to March 4, 1939, that on that date it is alleged a fire occurred resulting in loss and damage to the property described in the policy, that on March 6, 1939 the trustee offered to the defendant the sum of Thirteen Hundred dollars in settlement of said loss, of which $800' was apportioned on the building and $500 on the stock, that this offer was not accepted by the defendant until March 16, 1939, which was the day after the service of the trustee writ upon the trustee and that proofs of loss were not signed by the defendant until some time subsequent thereto.
Whatever the law may be in other jurisdictions, in this Commonwealth it has uniformly been held that the insurer under a fire insurance piolicy is not subject to be held as trustee of the insurer merely because a loss has occurred which is covered by the policy. Godfrey vs. Macomber, 128 Mass, 188. Lewenstein vs. Forman, 223 Mass. 325. Barton vs. Automobile Insurance Co. of Hartford, 1941 A. S. 901, 905. The same result has been reached in cases involving life insurance and other insurance policies. Cataldo vs. Woodside, 295 Mass. 586, 588 and cases cited.
Counsel on both sides have addressed to us elaborate arguments upon the effect of the provisions of the policy requiring a statement of loss and those relative to arbitration or the option of the insurer to replace the goods rather than make indemnity in money. As the case stands upon the facts, we do not think that these provisions of the policy are determinative of the issue involved. We assume that they could all be waived by the insurer and were waived by the offer of settlement made by it. Alba vs. Fireman's *433 Fund Insurance Co., 295 Mass. 80. The decisive question seems to us to be whether by reason of this offer of settlement, without anything further being done by the defendant or the insurer at the time of the service of the writ on the trustee, there was then anything due from the trustee absolutely and without contingency as required by G. L. Chap. 246, Sections 24 and 32 (4). This statute has been strictly construed. Krogman vs. Rice Bros., 241 Mass. 295, 301 and cases there cited. Highland Trust Co. vs. Slotnick, 289 Mass. 119. No case has been brought to our attention in this or other jurisdictions that raises this question on similar facts. It seems to us, however, that the case is within the principle of Banionis vs. Lake, 289 Mass. 146, 148. The facts disclosed in the answer in the present case simply show an offer of settlement upon a possible liability, which offer had not been accepted by the defendant at the time of the service of the trustee writ. The offer could have been withdrawn by the trustee at any time before acceptance and the trustee insurance company could have insisted on the performance of the various provisions of the policy hereinbefore referred to and ostensibly waived by it when it made the offer to the defendant. Consequently, at the time of the service of the process, there was no absolute liability on the part of the trustee. Godfrey vs. Macomber, 128 Mass. 188, 199.
Accordingly, we are forced to the conclusion that there was error on the part of the trial judge in denying the first and second Rulings requested by the claimant and in ordering the trustee charged. The order charging the trustee is to be vacated and the trustee ordered discharged.