Following a Superior Court judge's 2013 renewal of a 1992 judgment against James J. Lyons, Jr., The Cadle Company (Cadle), assignee of the successor plaintiff in the case, sued Lyons and his employer, the Commonwealth of Massachusetts, to enforce the judgment.[3] Lyons moved for dismissal, claiming that Cadle was not the proper party. A District Court judge denied Lyons's motion to dismiss and later ordered the entry of summary judgment in favor of Cadle. The Appellate Division of the District Court Department dismissed Lyons's appeal. On appeal here regarding his dismissal motion, Lyons maintains his claim that Cadle was not the proper party, and that the District Court lacked jurisdiction to hear the case. We affirm.
We review the denial of a motion to dismiss de novo and "accept[ ] as true the factual allegations of the complaint, and supporting inferences that may be drawn from those alleged facts." Boxford v. Massachusetts Hy. Dept., 458 Mass. 596, 598 (2010), citing Iannacchino v. Ford Motor Co., 451 Mass. 623, 625 n.7 (2008).
1. Proper party. Lyons claims that Cadle was not a proper party to bring suit to enforce the judgment because it was never properly substituted as the plaintiff in the 1992 suit. In fact, a Superior Court judge denied Cadle's motion to substitute itself as the plaintiff for Ninth RMA Partners, L.P., which succeeded the original plaintiff, the Federal Deposit Insurance Corporation as liquidating agent/receiver for the Coolidge Bank & Trust Company. Lyons acknowledges the general rule that an assignee may bring suit in its own name or in the name of the assignor. Rubenstein v. Royal Ins. Co. of America, 45 Mass. App. Ct. 244, 246 (1998). However, Lyons asserts that Cadle's complaint was deficient because Cadle sued in its own name and called itself "Successor to Coolidge Bank & Trust Company," rather than claiming it was an assignee. We disagree.
"It is a general principle governing the rights of an assignee of a chose in action that the assignee ought to be in as good but in no better position than his assignor would have been without the assignment." Goldman v. Noxon Chem. Prod. Co., 274 Mass. 526, 529 (1931). It is undisputed here that Ninth RMA Partners, L.P., properly assigned, in writing, its interest to Cadle. Despite the wording of Cadle's complaint, nothing suggests that using "successor" in interest rather than "assignee" is fatal to the assertion of a claim. See Peladeau v. Fred Gillespie Lumber Co., 285 Mass. 10, 13 (1933) ("Peladeau is the successor in interest of the claim of the corporation who was the original party, and he may be substituted where, as here, the change in interest is occasioned by an assignment" [emphasis supplied] ). Furthermore, Lyons does not dispute that the judgment has not been satisfied. Therefore, because Cadle is the only remaining real party in interest, as an assignee, it may bring suit to enforce the judgment in its own name. See Mass.R.Civ.P. 17(a), 461 Mass. 1401 (2011).
2. Jurisdiction. For the first time on appeal, Lyons also claims that the District Court lacked jurisdiction over Cadle's complaint against both Lyons and the Commonwealth because only the Superior Court has jurisdiction over cases against the Commonwealth and cases against a public employer.[4] See G. L. c. 212, §§ 1, 3 ; G. L. c. 258, § 3. He further alleges that this complaint improperly summoned the Commonwealth as a trustee under trustee process and, therefore, was precluded by the doctrine of sovereign immunity. We disagree.
First, this action was not a "case against the Commonwealth" or "against a public employer" as Lyons alleges. We look to the substance of the complaint rather than the labels assigned by the parties. See Mass.R.Civ.P. 8, 365 Mass. 749 (1974). See also Lambley v. Kameny, 43 Mass. App. Ct. 277, 280 (1997). A "trustee is not, in fact, a traditional defendant in the suit commenced, but rather a stakeholder, ... and is not liable to the plaintiff under the facts alleged in the complaint." Shapiro, Perlin, & Connors, Collection Law § 5:71 (4th ed. 2015). See Cavanaugh v. Merrimac Hat Co., 213 Mass. 384, 386 (1913) (The trustee "is a stakeholder, having no interest in the action in which he is summoned as trustee").
Second, we are not persuaded that the inclusion of the Commonwealth as a nominal party affects the District Court's jurisdiction to hear the case. As a trustee, the Commonwealth was not required to be named as a party to the action at all. See Mass.R.Civ.P. 4.2(a), 365 Mass. 740 (1974). When named, however, a trustee is a nominal party and "is not a real party in interest as required under Mass.R.Civ.P. 17 [, 365 Mass. 763 (1974) ]." Shapiro, Perlin, & Connors, Collection Law § 5:71. See Eastern Fur & Skin Co. v. Sternfeld, 233 Mass. 210, 212 (1919). Its inclusion cannot supply the basis for jurisdiction, nor can its mere presence strip a court of jurisdiction. Compare Town Bank & Trust Co. v. Eaton, 358 Mass. 346, 350 (1970) ("neutral" stakeholder has no standing to assert issues).
Furthermore, the Commonwealth's interest in the case was essentially dismissed when the District Court judge denied Cadle's postjudgment motion to garnish Lyons's wages.[5] Notwithstanding our brief discussion on the matter, we consider the issue moot. See Boston Edison Co. v. Massachusetts Water Resources Authy., 459 Mass. 724, 730 n.6 (2011) (subsequent allowance of motion for remittitur rendered moot appellate argument challenging denial of motion for remittitur).
Decision and order of Appellate Division affirmed.

The 1992 judgment was entered in the amount of $64,000. The execution was entered in 1998 in the amount of $66,560. In its District Court complaint to enforce the judgment, Cadle demanded $237,013.33, which included unpaid interest due and postjudgment costs, and gave credit for any payments as of June 4, 2015. The District Court judge ordered the entry of judgment for Cadle in the amount of $261,427.02.

Although this argument was not made in the District Court, subject matter jurisdiction may be raised anytime. See Jamgochian v. Dierker, 425 Mass. 565, 567 (1997).

We note that Cadle's appeal of this order remained pending at the time the parties' briefs to this panel were filed.